Scott *v.* Greer.

5-1749                                                320 S. W. 2d 262

Opinion delivered February 2, 1959.

*Bruce Bennett,* Atty. General, *John Haskins,* Asst. Atty. General; *Dowell Anders,* Highway Dept. Atty. & *Wm. J. Smith,* for appellant.

*Wright, Harrison, Lindsey & Upton,* by *George E. Lusk, Jr.,* for appellee.

ED. F. MCFADDIN, Associate Justice. This appeal necessitates a study and determination of the meaning of certain portions of the Arkansas State Highway Employees' Retirement System Act,[1] being Act No. 454 of 1949, as amended by Act No. 403 of 1953, being now found in §§ 76-1901 *et seq.* Ark. Stats. Appellee, Greer, filed this proceeding[2] against the appellants, who are the Trustees of the said Arkansas State Highway Employees' Retirement System (hereinafter called "Retirement System") to compel appellants to award Greer his claimed retirement pay. The appellants urged that Greer was not entitled to retirement pay because of the matters hereinafter stated. The Circuit Court granted Greer his prayed relief; and this appeal ensued.

The facts in this case are not disputed: Mr. Greer was born August 26, 1882; he was continuously employed by the Arkansas State Highway Department (hereinafter called "Highway Department") from January 20, 1947 to December 31, 1957. During all of such period he received a salary in excess of $2,400.00 per year. The said Highway Retirement Act became effective on July 1, 1949; and participation was compulsory for Mr. Greer because of his salary scale. Deductions were withheld by the Highway Department from Mr. Greer's salary and paid to the Retirement System at all times from July 1, 1949 to December 31, 1957, or a total of 8½ years. Furthermore, under the terms of the said

---

[1] It was stated by both sides in the oral argument that Act 454 of 1949 was not copied from any other State, but is rather a composite of various acts of other jurisdictions. A study of the legislative history of the Act No. 454 of 1949 shows that it passed both Houses of the Legislature without any amendment, so the Act was passed just as it was introduced.

[2] Mr. Greer's proceeding is for writ of mandamus; but all parties concede that it may be treated as *certiorari,* or action for declaratory judgment, or any other appropriate proceeding to obtain a decision of the case on the merits; so we forego any decision as to what might be the correct proceeding in a situation such as the one here.

Retirement Act, employees with service antedating the effective date of the Act were given the option to pay into the Retirement System a calculated amount for the period of service in the Highway Department previous to the beginning of the Retirement Act; and Mr. Greer took advantage of that provision and paid the Retirement System $251.24 as the calculated amount to cover his Highway service employment from January 20, 1947 to July 1, 1949, which was 2.46 years. Thus, on December 31, 1957 Mr. Greer had paid into the Retirement System the correct amount to cover a total of 10.96 years, being 2.46 prior to July 1, 1949 and 8.50 after July 1, 1949.

On May 1, 1957 the Highway Department, acting under authority not here questioned, decided to retire on December 31, 1957 all employees 75 or more years of age on said last mentioned date. Mr. Greer, having been born on August 26, 1882, was, of course, over the age of 75 years on December 31, 1957, and was, therefore, retired from employment under said decision of the Highway Department.

The said Retirement Act provides in § 76-1911 (a) that a member of the Highway System may voluntarily retire and be eligible for retirement benefits at the age of 65 if he has ten years of creditable service. When Mr. Greer applied for retirement benefits, the appellants, as Trustees of the Retirement System, discovered that under the provisions of the law, Mr. Greer was ineligible for retirement benefits; and he was tendered the sum of $1,531.91, which was the total amount that he had paid into the System, including interest. Mr. Greer refused the tender and instituted this litigation with the result previously stated. So the question is, whether Mr. Greer is entitled to retirement benefits from the Retirement System.

*Estoppel.* At the outset, we emphasize that no element of estoppel enters into this case: because the appellee's counsel stated in oral argument before this Court that he had not pleaded estoppel in the lower Court and was not relying on estoppel in any way in this case. This

admission and concession in this Court renders it unnecessary for us to consider any matter of estoppel and leaves us to the unfettered determination of the meaning of said Retirement Act.[3]

*The Claims Of The Parties.* Mr. Greer claims that he is entitled to the retirement benefits because of the first sentence of § 76-1911 (a) Ark. Stats., which reads: "A member may retire voluntarily at the age of 65, or during any year thereafter, until the age of compulsory retirement has been attained, provided such member has a minimum of 10 years creditable service in the Arkansas State Highway Department."

The appellants defend against Mr. Greer's claim by pointing to the last sentence of § 76-1911 (a) Ark. Stats., which reads: "Retirement from the System shall be compulsory to all members on July 1st following their 70th birthday, except that any employee who is 70 years or more of age as of the effective date of this act shall not be excluded from its benefits." In making their claims under the last quoted sentence, the appellants point out: (a) that the effective date of the Act was July 1, 1949, and that Mr. Greer was not 70 years of age at that time; (b) that Mr. Greer became 70 years of age on August 26, 1952, and that under the last quoted sentence he was *compulsorily retired on July* 1, 1953 *from the "Retirement System,"* as distinct from employment in the Highway Department; (c) that under the plain wording of the quoted sentence, Mr. Greer was not entitled to continue in the Retirement System after July 1, 1953; (d) that on that date he had only 6.46 years of service credit (being 4 years from July 1, 1949 to July 1, 1953, and 2.46 years for service credit prior to July 1, 1949); and (e) that through error of the bookkeeping section of the Highway Department, deductions were withheld from Mr. Greer's monthly salary and paid to the Retirement System, the return of all of which deductions, with interest thereon, has been tendered to Mr. Greer.

---

[3] In connection with estoppel, we call attention to the case of *Powell* v. *Board of Commissioners*, 210 S. C. 136, 41 S. E. 2d 780, 1 A.L.R. 2d 330.

In rebuttal to the defense of the appellants, Mr. Greer points out the definitions found in § 76-1901 Ark. Stats. as follows:

"(c) 'Employees' shall include all employees of the Arkansas State Highway Department whose compensation is or was payable on an hourly, monthly, or annual basis by the State Highway Department, including employees of the State Highway Department whose salaries are paid or reimbursed in whole or in part from Federal funds . . .

"(i) 'Prior Service' means all service as an employee of the Arkansas State Highway Department prior to the date of the establishment of the System . . .

"(1) 'Creditable Service' means the current service of the member plus such portion of Prior Service time for which contributions have been made or elected to be made by the member. Retirement benefits shall be computed upon the Creditable Service of the member . . ."

Mr. Greer also points out that § 76-1908 provides how membership in the System may be terminated; and claims that the sentence in § 76-1911 (a) relied on by the appellants, relating to compulsory retirement, means those who retire on retirement benefits.

It is clear from these contentions, and from a careful study of the Retirement Act, that "System" means one thing, and "Highway Department Employee" means another thing: that is, a person may be employed by the Highway Department and draw pay as such employee and still not be a member of the Retirement System. For example, under § 76-1907 an employee earning less than $2,400.00 per year has the option to come under the System, but is not required to. It is appellants' contention that on July 1st following his 70th birthday, every employee of the Highway Department was compulsorily retired from the Retirement System, even though such person continued to be employed by the Highway Department. We can see no answer to this last stated contention of the appellants.

It is true that retirement acts and pension acts are to be liberally construed to effectuate their humane purposes.[4] We so held in *Looper* v. *Gordon,* 201 Ark. 841, 147 S. W. 2d 24. But it must also be recognized that the State has the right to prescribe the terms and conditions under which persons may come under, or be excluded from, the benefits of a retirement system. As stated in 40 Am. Jur. 980, ''Pensions'' § 23: ''The right to a pension depends upon statutory provision therefor, and the existence of such right in particular instances is determinable primarily from the terms of the statute under which the right or privilege is granted. The right to a pension may be made to depend upon such conditions as the grantor may see fit to prescribe.''

When we see the respective claims, defenses and rebuttals as stated, it appears that there is a conflict between the definition sections relied on by Mr. Greer, and the sentence in § 76-1911 Ark. Stats. relied on by appellants, which sentence is: ''Retirement from the System shall be compulsory to all members on July 1st following their 70th birthday, . . .''

Which section governs? That is the problem; and in solving the problem we are not without certain rules of statutory construction. One of these rules, recognized and applied by this Court for many years, and applicable here, is: ''Where general terms or expressions in one part of a statute are inconsistent with more specific or particular provisions in another part, the particular provisions will be given effect as clearer and more definite expressions of the legislative will.'' We have quoted the above rule from *Hodges* v. *Dawdy,* 104 Ark. 583, 149 S. W. 656. It was also recognized in *Wiseman* v. *Ark. Util. Co.,* 191 Ark. 854, 88 S. W. 2d 81. In 50 Am. Jur. 371 ''Statutes'' § 367, the text states: ''It is an old and familiar principle . . . that where there is in the same statute a specific provision, and also a general one which in its most comprehensive sense would include matters embraced in the former, the particular

---

[4] For cases construing various pension plans, see annotation in 42 A.L.R. 2d 461: "Rights and liabilities as between employer and employee with respect to general pension or retirement plan."

provision must control, and the general provision must be taken to affect only such cases within its general language as are not within the provisions of the particular provision." To the same effect see also 82 C. J. S. 720; and Crawford on "Statutory Construction" § 189.

When we view the conflict between the general definition of terms and the specific provision in § 76-1911 (a) Ark. Stats. as relied on by the appellants, we reach the conclusion that the Legislature definitely prescribed that a Highway Department employee, though he might continue to be employed after July 1st following his 70th birthday, was nevertheless compulsorily retired from the Retirement System on July 1st following his 70th birthday. Under that view, it follows that on July 1, 1953, when Mr. Greer was compulsorily retired from the Retirement System he had only 6.46 years of creditable service; so he was not eligible to pension. However, under § 76-1912 (c) Ark. Stats. he is entitled to the return of all of the money that he had paid into the System, together with interest; and the record shows that such amount was tendered to Mr. Greer.

It, therefore, follows that the judgment is reversed and the cause dismissed, upon payment of the tendered amount.

JOHNSON, J., dissents.