MILLER *v.* SOUTHERN MACHINE & IRON WORKS

5-3499 388 S. W. 2d 391

Opinion Delivered March 29, 1965.

*Howell, Price & Worsham,* by *Dale Price,* for appellant.

*Wright, Lindsey, Jennings, Lester & Shults,* for appellee.

ED. F. McFADDIN, Associate Justice. This is a workmen's compensation case; and the question is whether the claim for death benefits and funeral expenses was filed within proper time. The Referee, the Full Commission, and the Circuit Court held that such claim was barred; and the claimant prosecutes this appeal.

Myron P. Miller (husband of the claimant-appellant, Mrs. Ruth Miller) was employed by the Southern Machine and Iron Works, and on September 5, 1961, he suffered a heart attack while at work. He was promptly hospitalized but died in the hospital on October 5, 1961. The death certificate showed that he died as a result of the heart condition. [1] Mrs. Miller's claim "for death benefits and funeral expenses" was filed on June 13, 1963; and the employer promptly and duly made the plea of limitations based on the provisions of Ark. Stat. Ann. § 81-1318 (a) (3) (Repl. 1960), the germane portion of which reads:

"A claim for compensation on account of death shall be barred unless filed with the Commission within one year of the date of such death."

In the hearing before the Refree, the claimant added to the death claim the additional claim for temporary total disability and for medical and hospital expenses from

---

[1] The death certificate gave the cause of death as "coronary thrombosis with recent myocardial infarct."

September 6, 1961, to October 5, 1961, the date of death. The applicable statute for such claim is Ark. Stat. Ann. § 81-1318 (a) (Repl. 1960), the germane portion of which reads:

"A claim for compensation for disability on account of an injury . . . shall be barred unless filed with the Commission within two years from the date of the accident."

The Referee disallowed both claims;[2] the Full Commission held that the death claim was barred by the one year statute but that the disability claim was governed by the two year statute and could still be heard. The claimant appealed from the holding of the Full Commission that the death claim was barred; the Circuit Court affirmed the Commission; and Mrs. Miller brings this appeal, insisting that the death claim is not barred since the disability claim is not barred. Her able counsel cite Ark. Stat. Ann. § 81-1318 (b) (Repl. 1960), which reads:

"In cases where compensation for disability has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the Commission within one year from the date of the last payment of compensation, or two years from the date of accident, whichever is greater."

This last quoted section is called the "Additional Compensation Section" and from that section Mrs. Miller argues that she has a pending claim before the Commission for disability benefits from September 6th to October 5, 1961, and if such claim should be allowed and benefits paid to her, she would then have one year after the date of the last payment on such claim, within which to file the death claim. In other words, her position is that the filing of the temporary total disability claim within two years of death was timely; and that if such claim be allowed and compensation paid her, then she would have one year after the date of the last payment under such claim in which to file her claim for death benefits and funeral expenses. She

---

[2] There was a prior heart condition date of April 1961 that influenced the Referee's Opinion.

insists that we have frequently held that if there be any doubt as to which of two or more statutes of limitations applies to a particular action or proceeding, and it is necessary to resolve the doubt, it will generally be resolved in favor of the application of the statute containing the longer limitation period, citing *Jefferson* v. *Nero,* 225 Ark. 302, 280 S.W. 2d 884, and *Reynolds Metals* v. *Brumley,* 226 Ark. 388, 290 S.W. 2d 211.

We are unable to agree with the appellant. What she is attempting to do is to treat a pending claim for temporary compensation as a payment of compensation, and thereby, put the death benefit claim at the end of the additional compensation claim. The section on additional compensation is applicable only when a claimant had received compensation and then sought additional compensation. That is not the situation here.

The plain wording of Ark. Stat. Ann. § 81-1318 (a) (3) (Repl. 1960) is: "A claim for compensation on account of death shall be barred unless filed with the Commission within one year of the date of such death." That is as particular and specific a statute of limitation as it is possible for one to be. In *Scott* v. *Greer,* 229 Ark. 1043, 320 S.W. 2d 262, we were asked to decide which of two provisions in a statute was applicable, and we quoted our earlier cases to this effect: "Where general terms or expressions in one part of a statute are inconsistent with more specific or particular provisions in another part, the particular provisions will be given effect as clearer and more definite expressions of the legislative will." The same general principle was applied in *Kimpel* v. *Garland Anthony,* 216 Ark. 788, 227 S.W. 2d 932, in which one death claim was held filed in time and another was held filed too late. Our specific statute of limitations regarding a death claim is too clear to admit of dispute.

The Pennsylvania Court had a situation like this before it in *Segal* v. *Segal,* 191 A. 2d 858, and said: "The claim filed by the widow in the death case was filed beyond the time allowed by statute. 'The legislature made the filing of the claim petition within the specified time an ex-

press condition of the right to obtain an award of compensation and intended that the failure so to do should operate as an absolute bar of the right.' *Thorn* v. *Strawbridge* . . . 155 A. 2d 414.'' In some States there are statutes which would tend to support the delay of the appellant in this case; but our statute is too clear to admit of dispute. Unfortunately, Mrs. Miller failed to consult an attorney in time to file the death claim; and all she may now pursue is the claim for temporary total disability and medical and hospital benefits, just as determined by the Commission.

Affirmed.

