## MAINE BONDING & CASUALTY COMPANY

### v.

### Lawrence P. MAHONEY et al.

Supreme Judicial Court of Maine.

Sept. 29, 1978.

Pierce, Atwood, Scribner, Allen, Smith & Lancaster by Everett P. Ingalls (orally), Ralph I. Lancaster, Jr., Jotham D. Pierce, Jr., Portland, for plaintiff.

Hewes, Culley & Feehan by Peter W. Culley (orally), George W. Beals, S. Peter Mills, III, Portland, for defendants.

Berman, Berman & Simmons, P.A. by Paul F. Macri (orally), Jack H. Simmons, Lewiston, for Lawrence P. Mahoney.

Before POMEROY, WERNICK, ARCHIBALD and GODFREY, JJ., and DUFRESNE, A. R. J.

ARCHIBALD, Justice.

Maine Bonding and Casualty Company (Company) instituted an action alleging negligence in the form of professional malpractice against the defendant attorneys at law. Defendants answered and filed motions, supported by affidavits, to dismiss for failure of the Company to state a claim upon which relief could be granted. The court, under Rule 12(b), M.R.Civ.P., treated the motions as if for summary judgment under Rule 56(b), M.R.Civ.P., and granted the motions.[1] The plaintiff's appeal from this ruling is denied.

The premise upon which the negligence actions were based was the failure to plead the statute of limitations alleged to be applicable to a petition under what was, in 1970, "The Workmen's Compensation Act"

---

1. The ruling applied only to Counts I and II of the complaint. Summary judgment in Count III was denied but the justice below signed an order under Rule 54(b), M.R.Civ.P., directing entry of final judgments under Counts I and II, thus expediting the appellate process.

(now "The Workers' Compensation Act," P.L. 1977, ch. 696, § 390), seeking recovery of appropriate death benefits by a widow of a deceased employee.

To bring the factual background into focus, we quote relevant portions of the pleading:

"4. On or about July 7, 1969, in Camden, Maine, Howard Anderson, an employee of Annis & Hamilton, Inc. allegedly received a personal injury by accident, arising out of and in the course of his employment while installing plumbing apparatus in the office of a customer of his employer. Allegedly as a result of this accident, Mr. Anderson sustained a ruptured aneurysm and died as a further result thereof on July 10, 1969.

5. Louise Anderson, widow of Howard Anderson, filed a petition with the Maine Industrial Accident Commission on August 31, 1970, requesting that compensation be awarded to her as Mr. Anderson's widow as a result of Mr. Anderson's alleged accident and death.

6. Maine Bonding, as insurer of Annis & Hamilton, Inc., is and was responsible for the then obligations of Annis & Hamilton, Inc. to Mrs. Anderson arising under the Maine Workmen's Compensation Act, 39 M.R.S.A. §§ 1–196.

7. On or about September 8, 1970, Maine Bonding forwarded its claim file in connection with the Petition for the award of compensation to the [Defendant] firm as attorneys for Maine Bonding."

Each of the Rule 12(b)(6), M.R.Civ.P., motions (which were treated as motions for summary judgment) advanced the following supportive reason:

"Title 39, M.R.S.A., § 95 provides that a petition for a workmen's compensation claim shall be filed within two years after the date of the injury. This basic two year Statute of Limitation is applicable to all workmen's compensation petitions regardless of whether the injured employee subsequently dies. The one year limitation period for filing a petition in the case of the death of an employee, set forth in Title 39, M.R.S.A., § 95, merely operates to extend, beyond two years if necessary, the time within which such a petition may be filed on behalf of the deceased employee's dependents. Therefore, the Plaintiff is entitled to no relief under any state of facts which could be proven in support of the allegations of Count I that the Defendants failed to assert the defense of the Statute of Limitation."

At the time the death benefit petition was filed, 39 M.R.S.A. § 95 provided:

"Any employee's claim for compensation under this Act shall be barred unless an agreement or a petition as provided in section 94 shall be filed within 2 years after the date of the accident. Any time during which the employee is unable by reason of physical or mental incapacity to file said petition shall not be included in the period aforesaid. If the employee fails to file said petition within said period because of mistake of fact as to the cause and nature of the injury, he may file said petition within a reasonable time. In case of the death of the employee, there shall be allowed for filing said petition one year after such death. No petition of any kind may be filed more than 10 years following the date of the latest payment made under this chapter."

The answer filed by the defendant on behalf of the Company did not effectively purport to plead the statute of limitations as specified in Section 95. In due course the petitioner was given an appropriate award by the Commission and an appeal therefrom was ultimately dismissed for lack of prosecution.

In granting the summary judgment motions, the justice below, after analysis of Section 95, ruled:

"[T]he structure of § 95 supports the conclusion that it was the intent of the Legislature to provide a basic two-year period of limitations for all claims for compensation filed, either on behalf of an injured workman or on behalf of a person entitled to compensation because of the death of an injured workman. The two-

year period may be extended, in case of death, by a period not to exceed one year after such death.

. . . . .

It follows that since there was a two-year period of limitations applicable to Mrs. Anderson's claim and since the claim was filed well within that two-year period, the Defendants were not negligent in failing to assert the defense of statute of limitations . . . ."

We reach the same conclusion and do so as a pure matter of statutory construction.

Appellant agrees that the word "employee" in the first sentence of Section 95 includes by definition [2] his legal representatives who have two years within which to file a claim. Appellant argues, however, that the claim must be for compensation [3] for injuries and not for death benefits. Thus, the argument continues, Section 95 contains two limitation periods, two years to recover for compensable injuries and one year for award of death benefits.

The respective litigants have cited cases from other jurisdictions which, arguendo, support their contentions.[4] Having read these cases we conclude that they should be limited to an interpretation of the particular state statutes involved. Since the Maine statute, in both specific phraseology and history, is variant, we feel compelled to construe Section 95 unaided by these precedents. For example, the North Carolina statute "*forever barred*" death claims "unless a claim be filed . . . within one year thereafter." The Arkansas statute "barred" death claims "unless filed within one year of the date of such death." The quoted segments are not parallel to the words of Section 95, namely, "there shall be allowed for filing said petition one year after such death."

■ We approach the issue guided by our own precedents for statutory construction, recalling our mandated policy of giving a liberal construction to the provision of the Workers' Compensation Act. *Rioux v. Franklin County Memorial Hospital,* Me., 390 A.2d 1059 (1978).

Common sense applied to the language of Section 95, when viewing the statute in its totality, leads us to the conclusion that the petition for death benefits may be filed within two years of the injury which resulted in the death, which period may be extended to a maximum of one year, dependent on the date of death.

A widow of a deceased employee is a "dependent" and entitled to statutorily prescribed monetary benefits. 39 M.R.S.A. § 58. An "employee," by definition, includes such dependents as are entitled to payment of compensation. 39 M.R.S.A. § 2(5)(A)(2). Therefore, the first sentence of Section 95 can be construed as if it read: "Any widow's claim for compensation . . shall be barred unless . . . a petition . . . shall be filed within two years after the date of injury." Here, the injury was on July 7, 1969; death ensued on July 10, 1969; and the widow filed her petition on August 31, 1970, well within two years of the injury which caused the death.

We do not read the fourth sentence of Section 95 as a reduction of the two years specified in the first sentence thereof, thus making the August 31st petition a tardy filing. To interpret the fourth sentence as a reduction we would have to acknowledge that two opposite and illogical results are mandated by Section 95. We cannot see

---

2. "Any reference to an employee who has been injured shall, when the employee is dead, include his legal representatives, dependents and other persons to whom compensation may be payable." 39 M.R.S.A. § 2(5)(A)(2).

3. "If the employee shall die before having received the entire amount of compensation to which he is entitled under this Act, the compensation payable to him before his death shall be paid to his dependents, if any; otherwise to

his executor or administrator." 39 M.R.S.A. § 60.

4. Appellant has stressed *Montgomery v. Horneytown Fire Department,* 265 N.C. 553, 144 S.E.2d 586 (1965); and *Miller v. Southern Machine & Iron Works,* 239 Ark. 218, 388 S.W.2d 391 (1965). Appellees have cited *Bianco v. Industrial Accident Commission,* 24 Cal.2d 584, 150 P.2d 806 (1944).

any rational basis for holding that, although injured employees have two years to petition for compensation, a widow has only one year in which to claim her statutory benefits.

Between 1915 and 1965 the petitions for either type of compensation ran parallel courses, although the respective time periods for both varied.[5] The fourth sentence of Section 95 is derived from the 1929 Act from which deletions were made in enacting P.L.1939, ch. 276, § 9, namely:

"Sec. 9, R.S., c. 55, § 32, amended. Section 32 of chapter 55 of the revised statutes, as amended by chapter 160 of the public laws of 1931, is hereby further amended to read as follows:

'Sec. 32. Time limitations for filing petitions. An employee's claim for compensation under this act shall be barred unless ~~made to an employer within six months after the date of incapacity, and unless~~ an agreement or a petition as provided in the preceding section shall be filed within 1 year after the date of the accident; provided, however, that any time during which the employee is unable by reason of physical or mental incapacity to ~~make said claim or~~ file said petition shall not be included in the ~~periods~~ period aforesaid. ~~In case of the death of the employee within said six months, there shall be allowed for making said claim six months after such death.~~ In case of the death of the employee, ~~within said year,~~ there shall be allowed for filing said petition 1 year after such death. No petition of any kind, however, may be filed more than 10 years following an accident.'"

There is nothing appearing in the sixty-three year history of this act that would indicate a legislative intent to limit the filing of petitions for death benefits beyond that allowed for filing petitions for regular compensation. In fact, the contrary would appear. Under the 1929 Act, for example, if an employee died six months after receiving a compensable injury which caused the death, it could not be doubted that the legislature intended to extend the filing period an additional six months.

This construction is likewise consistent with the liberal construction which is required to meet the remedial goals of this legislation. If two workers are injured in a common industrial accident, one of whom dies on the same day, why, in logic, should the survivor have two years to file a petition and the widow of the deceased have only one? Resolving ambiguous language in favor of the dependents of deceased employees accords with the humanitarian purposes which undergird the act.

Our construction, we believe, is also practical since it makes the terminal point for filing petitions easily ascertainable. Claims by dependents for death benefits will always require filing within the period later in time as fixed by the first and fourth sentences of Section 95. Only when the death occurs more than one year after the injury will the basic two-year period for filing claims be extended.

Reverting to the malpractice action, it is clear that Mrs. Anderson's petition for death benefits was seasonably filed, namely, thirteen months and twenty-one days after her husband's death, and thirteen months and twenty-four days after the fatal injury. Pleading the statute of limitations was inappropriate to these facts and would have been no defense to the petition. Therefore, it could not be deemed legal negligence to fail to so plead since no damages could result.

The ruling appealed from was correct.

The entry is:

Appeal denied.

Judgment affirmed.

McKUSICK, C. J., and DELAHANTY and NICHOLS, JJ., did not sit.

DUFRESNE, A. R. J., sat by assignment.

---

5. P.L.1915, ch. 295, § 39 (two years); P.L.1929, ch. 300, § 32 (one year).