Michael WEAVER *v.* TYSON FOODS and Second Injury
Fund

CA 88-436                                    790 S.W.2d 442

Court of Appeals of Arkansas
En Banc
Opinion delivered June 6, 1990

McKenzie, McRae, & Vasser, for appellant.

Lavender, Rochelle, Barnette & Dickerson, for appellee Tyson Foods.

David L. Pake, for appellee Second Injury Trust Fund.

MELVIN MAYFIELD, Judge. The claimant, Michael Weaver, appeals a decision of the Workers' Compensation Commission in which it was determined that he had a fifty percent (50%) permanent partial disability as a result of (1) a work-related injury which occurred on September 29, 1986, and (2) a preexisting physical impairment resulting from childhood polio. The Commission based the 50% rating upon the finding of a 20% anatomical impairment and a 30% loss of earning capacity.

The Commission's opinion stated:

> Weaver's treating physician apportioned 15% of his present anatomical impairment to the pre-existing condition and 5% to the compensable injury. It is obvious that the two conditions when combined (20%) produce a disability greater than that which would have resulted from the last injury alone (5%). We therefore find that the Second Injury Fund is liable for the 30% wage loss portion of the award under Ark. Code Ann. § 11-9-525 (1987) and that the employer is responsible only for the 5% anatomical impairment sustained in the compensable injury. The

Fund is entitled to a credit for the pre-existing 15% impairment.

It is from this portion of the Commission's decision that Weaver appeals, contending that the Commission "erred in holding that the Second Injury Fund was entitled to a fifteen percent (15%) credit for a preexisting, nonwork related impairment." The dispute on appeal is about the law—not the facts.

The Second Injury Fund statute in effect at the time of appellant's injury resulted from an amendment enacted by the General Assembly in Section 4 of Act 290 of 1981. It was codified as Ark. Stat. Ann. § 81-1313 (i) (Supp. 1985), and now as Ark. Code Ann. § 11-9-525 (1987). Quoting from Act 290, the portion of Section 4 pertinent to this case provides as follows:

> (i) (1) The Second Injury Fund established herein is a special fund designed to insure that an employer employing a handicapped worker will not, in the event such worker suffers an injury on the job, be held liable for a greater disability or impairment than actually occurred while the worker was in his employment. The employee is to be fully protected in that the Second Injury Fund pays the worker the difference between the employer's liability and the balance of his disability or impairment which results from all disabilities or impairments combined. It is intended that latent conditions, which are not known to the employee or employer, not be considered previous disabilities or impairments which would give rise to a claim against the Second Injury Fund.

> Commencing January 1, 1981, all cases of permanent disability or impairment where there has been previous disability or impairment shall be compensated as herein provided. Compensation shall be computed on the basis of the average earnings at the time of the last injury. If any employee who has a permanent partial disability or impairment, whether from compensable injury or otherwise, receives a subsequent compensable injury resulting in additional permanent partial disability or impairment so that the degree or percentage of disability or impairment caused by the combined disabilities or impairments is

greater than that which would have resulted from the last injury, considered alone and of itself, and if the employee is entitled to receive compensation on the basis of combined disabilities or impairments, the employer at the time of the last injury shall be liable only for the degree or percentage of disability or impairment which would have resulted from the last injury had there been no pre-existing disability or impairment. After the compensation liability of the employer for the last injury, considered alone, which shall be no greater than the actual anatomical impairment resulting from said last injury, has been determined by an administrative law judge or the Commission, the degree or percentage of employee's disability that is attributable to all injuries or conditions existing at the time the last injury was sustained shall then be determined by the administrative law judge or the Commission and the degree or percentage of disability or impairment which existed prior to the last injury plus the disability or impairment resulting from the combined disability shall be determined and compensation for that balance, if any, shall be paid out of a special fund known as a Second Injury Fund provided for in Section 47 (Ark. Stats. 81-1348).

To understand the Second Injury Fund statute, it is necessary to keep in mind the definitions of certain terms. The statutory definitions are unchanged and now appear at Ark. Code Ann. § 11-9-102 (1987). Others have been judicially construed in cases from this court and the Arkansas Supreme Court. As it currently stands, both parties agree that the following definitions apply:

1. *Impairment*: A nonwork-related condition suffered prior to the recent compensable injury that need not involve a loss of earning capacity. *Mid-State Construction Co.* v. *Second Injury Fund*, 295 Ark. 1, 746 S.W.2d 539 (1988).

2. *Disability*: Incapacity because of injury to earn, in the same or any other employment, the wages which the employee was receiving at the time of the injury. Ark. Code Ann. § 11-9-102(5). Disability means loss of earning capacity due to a work-related injury. *Second Injury Fund* v. *Fraser-Owens, Inc.*, 17 Ark. App. 58, 702 S.W.2d 828

(1986). *Accord Mid-State Construction Co.* v. *Second Injury Fund, supra,* 295 Ark. at 5.

3. *Injury*: Only accidental injury arising out of and in the course of employment, including occupational diseases and occupational infections arising out of and in the course of employment. Ark. Code Ann. § 11-9-102(4).

4. *Anatomical Impairment*: The anatomical loss as reflected by the common useage of medical impairment ratings. *Second Injury Fund* v. *Fraser-Owens, Inc., supra.*

■ Appellant argues that the first paragraph of the Second Injury Fund statute quoted above provides that the injured worker will not be penalized because the Second Injury Fund is a party. He also quotes from *Mid-State Construction Co.* v. *Second Injury Fund,* 295 Ark. 1, 746 S.W.2d 539 (1988), where the court stated:

The employee is to be fully protected in that the Second Injury Fund pays the worker the difference between the employer's liability and the balance of his disability or impairment which results from all disabilities or impairments combined.

295 Ark. at 4. The appellant then contends that if the employer had been held to be fully liable in the present case, he (the appellant) would have received a permanent partial disability award of 50 %. He thinks the Second Injury Fund should be liable for 45 % of the award and Tyson Foods should be liable for 5 %. We think this argument overlooks the basic purpose of the statute. "The primary rule in construing a statute is to ascertain and give effect to the intent of the General Assembly and this intent is obtained by considering the entire act." *Henderson* v. *Russell,* 267 Ark. 140, 144, 589 S.W.2d 565 (1979).

■ The underlying purpose of the Second Injury Fund statute is to limit the employer's liability to the amount of disability or impairment suffered by the employee during his employment with that employer, *and to thereby encourage hiring of the handicapped. See Mid-State Construction Co.,* 295 Ark. at 3. When it is determined that through the *combination* of a preexisting condition *and a current compensable injury* the

claimant has sustained a disability *greater* than would have resulted from either of them alone, the statute provides that the claimant shall be fully compensated *for his current disability.* But the statute does not provide that the Second Injury Fund shall compensate the claimant for his preexisting condition. There are several obvious reasons for this. If the preexisting condition was the result of a compensable injury, the claimant has presumably already been fully compensated for it. But if the preexisting condition was from a nonwork-related injury, a congenital defect or disease process, it is not covered by the workers' compensation law and neither the employer nor the Second Injury Fund is liable. To hold otherwise would make workers' compensation general disability insurance. Also, since the Fund is funded by a premium tax on insurance carriers and self-insured employers, the increased benefit payments would increase the premiums to be paid and tend to discourage the hiring of handicapped workers whose general disability insurance benefits would be paid through the Second Injury Fund.

■ Therefore, the Commission was correct when it applied its expert understanding and held Tyson Foods liable for the claimant's 5% anatomical impairment from his recent injury and the Second Injury Fund liable for the 30% disability rating resulting from the combination of the physical impairment caused by the polio and the wage loss disability resulting from the recent compensable injury.

■ The first paragraph of the statute, emphasized by the appellant, provides for Second Injury Fund *liability*, but the second paragraph details the formula for calculating the *amounts* payable by the Fund. In *Mid-State Construction Co.* v. *Second Injury Fund, supra,* the Arkansas Supreme Court said:

> It is clear that liability of the Fund comes into question only after three hurdles have been overcome. First, the employee must have suffered a compensable injury at his present place of employment. Second, prior to that injury the employee must have had a permanent partial *disability* or *impairment.* Third, the disability or impairment.must have combined with the recent compensable injury to produce the current disability status.

295 Ark. at 5.

After the three liability hurdles have been overcome, the second paragraph explains the payment calculation in detail, and if there is any conflict between the paragraphs, the specific provision would control. *Thomas* v. *Easley,* 277 Ark. 222, 640 S.W.2d 797 (1982); *Scott* v. *Greer,* 229 Ark. 1043, 320 S.W.2d 262 (1959). After stating that "if the employee is entitled to receive compensation on the basis of combined disabilities or impairments, the employer at the time of the last injury shall be liable only for the degree or percentage of disability or impairment which would have resulted from the last injury had there been no preexisting disability or impairment," the last sentence in the second paragraph states:

(1). After the compensation liability of the employer for the last injury, considered alone, which shall be no greater than the actual anatomical impairment resulting from said last injury, has been determined by an adminstrative law judge or the Commission,

(2) the degree or percentage of employee's disability that is attributable to all injuries or conditions existing at the time the last injury was sustained shall then be determined by the administrative law judge or the Commission, and

(3) the degree or percentage of disability or impairment which existed prior to the last injury plus the disability or impairment resulting from the combined disability shall be determined

(4) and compensation for that balance, if any, shall be paid out of a special fund known as a Second Injury Fund . . . .

██ Describing these four steps in terms of the calculation to be made, we apply them to the instant case.

    A. Determine the anatomical impairment which resulted from the last injury. (The answer is 5%.)

    B. Determine the disability attributable to all injuries or conditions existing at the time the last injury was sustained. (This is the preexisting disability or impairment, and the answer is 15%.)

C. Determine the degree or percentage of the combined disability or impairment. (The answer is 50%.)

D. Determine the *balance* which shall be paid by the Second Injury Fund. (This is determined by adding A and B and subtracting that total from C.)

Expressed in terms of a mathematical formula, the calculation would be performed as follows:

$$C - (A + B) = D \text{ (Second Injury Fund liability)}.$$

Inserting the figures of the present case into the formula, it comes out like this:

$$50\% - (5\% + 15\%) = 30\%$$

We find the calculation made by the Commission reached the correct answer. This is not a factual determination. It is a mathematical determination, based upon an interpretation of the law, using figures that are not in factual dispute. While we prefer to make our calculation by using the formula set out above, the Commission reached the same result by giving the Fund "credit" for the preexisting impairment. At any event, the Commission reached the right result and its decision is affirmed.