Harold M. JEFFCOAT *v.* SECOND INJURY FUND

CA 96-53                                         935 S.W.2d 309

Court of Appeals of Arkansas
En Banc
Opinion delivered December 18, 1996

*Youngdahl, Sadin, & McGowan,* by: *Thomas H. McGowan,* for appellant.

*David L. Pake,* for appellee.

JOHN MAUZY PITTMAN, Judge. The appellant, Harold M. Jeffcoat, appeals from a decision of the Arkansas Workers' Compensation Commission apportioning liability for his compensable injury between his employer, B.C. Keathley Construction, and the Second Injury Fund. He contends that the Commission misinterpreted the law in determining the liability of the Second Injury Fund.[1] We find merit in his argument and reverse and remand.

It is undisputed that, while working for a different employer in 1989, appellant sustained a low back injury for which he received a 10.6 percent impairment rating to the body as a whole. Appellant settled this claim by joint petition. In 1991, while working for Keathley, appellant sustained a compensable injury to his neck and hands for which he received a 19 percent anatomical impairment rating to the body as a whole. The administrative law judge determined that appellant's lumbar and cervical injuries combined to make his cervical and lumbar restrictions more severe. Based on appellant's age, education, experience, and vocational options, the administrative law judge determined that appellant was permanently and totally disabled. The administrative law judge found that the Second Injury Fund was liable because appellant's total disability resulting from the combined effects of the 1989 and 1991 injuries was greater than that which would have resulted had the 1989 injury not occurred. The Second Injury Fund's liability of 70.4 percent was determined by subtracting from 100 percent the 19 percent anatomical impairment rating owed by the present employer for the last injury and the previous disability or impairment of 10.6 percent. The administrative law judge's decision was affirmed by the Commission. The decision was based on an applica-

---

[1] Appellant also argued in his brief that he was entitled to an attorney's fee for prevailing in the Second Injury Fund's cross-appeal to the Commission. Appellant abandoned this contention during oral argument.

tion of *Weaver v. Tyson Foods*, 31 Ark. App. 147, 790 S.W.2d 442 (1990), where we held in a case involving permanent partial disability that the Second Injury Fund was not liable for the claimant's pre-existing disability or impairment. Appellant contends that the Commission erred in applying the formula outlined in *Weaver* to his case of permanent total disability.

Arkansas Code Annotated § 11-9-525(b)(3) and (4) (Repl. 1996), which set out the formula to be applied in determining Second Injury Fund liability in cases of permanent partial disability, state:

> (3) If any employee who has a permanent partial disability or impairment, whether from compensable injury or otherwise, receives a subsequent compensable injury resulting in additional *permanent partial disability or impairment* so that the degree or percentage of disability or impairment caused by the combined disabilities or impairments is greater than that which would have resulted from the last injury, considered alone and of itself, and if the employee is entitled to receive compensation on the basis of combined disabilities or impairments, then the employer at the time of the last injury shall be liable only for the degree or percentage of disability or impairment which would have resulted from the last injury had there been no preexisting disability or impairment. [Emphasis added.]

> (4) After the compensation liability of the employer for the last injury, considered alone, which shall be no greater than the actual anatomical impairment resulting from the last injury, has been determined by an administrative law judge or the Workers' Compensation Commission, the degree or percentage of employee's disability that is attributable to all injuries or conditions existing at the time the last injury was sustained shall then be determined by the administrative law judge or the commission, and the degree or percentage of disability or impairment which existed prior to the last injury plus the disability or impairment resulting from the combined disability shall be determined, and compensation for that balance, if any, shall be paid out of the fund provided for in § 11-9-301.

Arkansas Code Annotated § 11-9-525(b)(5) (Repl. 1996), which

sets out the formula to be applied in determining Second Injury Fund liability in cases of permanent total disability, states:

> If the previous disability or impairment, whether from compensable injury or otherwise, and the last injury together result in *permanent total disability*, the employer at the time of the last injury shall be liable only for the actual anatomical impairment resulting from the last injury considered alone and of itself. However, if the compensation for which the employer at the time of the last injury is liable is less than the compensation provided in §§ 11-9-501 — 11-9-506 for permanent total disability, then, in addition to the compensation for which the employer is liable and after the completion of payment of compensation by the employer, the employee shall be paid the remainder of the compensation that would be due for permanent total disability under §§ 11-9-501 — 11-9-506 out of the fund. [Emphasis added.]

█ We conclude that *Weaver* is not applicable in cases involving permanent total disability since *Weaver* involved permanent partial disability, which is governed by a separate portion of the statute, § 11-9-525(b)(3) and (4). We conclude that § 11-9-525(b)(5) applies to cases involving permanent total disability and that the Commission erred in applying the formula in *Weaver* to a case involving permanent total disability.[2] We remand for the Commission to determine the Second Injury Fund's liability in light of the applicable section of the statute, Ark. Code Ann. § 11-9-525(b)(5).

Reversed and remanded.

NEAL, GRIFFEN, ROBBINS, ROGERS, and STROUD, JJ., agree.

---

[2] Our present § 11-9-525 is a codification of Act 290 of 1981. The act treated the two forms of disability separately as well, with what are now subsections (b)(3) and (b)(4) appearing together in one paragraph and subsection (b)(5) appearing in another paragraph.