The Honorable Mike Beebe State Senator 211 West Arch Avenue Searcy, Arkansas 72143-5331
Dear Senator Beebe:
This is in response to your request, on behalf of the Association of Arkansas Counties, for an opinion regarding the effective date of Act 1021 of 1997, which is entitled "An Act to provide that an electronic or mechanical device shall be used in every step of the process of selecting grand jurors and petit jurors; and for other purposes." As noted in your letter, Act 1021 contains an emergency clause that provides the act shall become effective on the date of its approval by the Governor (April 2, 1997), but section 1 of the act contains a specified effective date of January 1, 1998. In my opinion, the legislature did not intend to require the use of electronic or mechanical devices during every step of the process of selecting grand and petit jurors until January 1, 1998.
Act 1021 of 1997 provides in part:
 Section 1. Beginning January 1, 1998 and thereafter, during every step in the procedure for the selection of grand jurors and petit jurors, electronic devices or mechanical devices shall be utilized to assure the random selection of all jury panels.
* * *
 Section 5. Emergency. It is hereby found and determined by the General Assembly that the present method of selecting grand jurors and petit jurors is inadequate to assure random selection; that this act will provide for the random selection of jurors; and until this act becomes effective, the validity of findings and judgments issued by juries in this state is subject to question. Therefore, an emergency is declared to exist and this act being immediately necessary for the preservation of the public peace, health and safety shall become effective on the date of its approval by the Governor. If the bill is neither approved nor vetoed by the Governor, it shall become effective on the expiration of the period of time during which the Governor may veto the bill. If the bill is vetoed by the Governor and the veto is overridden, it shall become effective on the date the last house overrides the veto.
Section 2 of the act provides that it is amendatory to the Arkansas Code of 1987 Annotated, section 3 is a severability clause, and section 4 is a general repealer clause.
The basic rule of statutory construction to which all other interpretive guides defer is to give effect to the intent of the legislature.Vanderpool v. Fidelity Cas. Ins. Co., 327 Ark. 407, 939 S.W.2d 280
(1997). The Arkansas Supreme Court has stated that when general expressions in one part of a statute are inconsistent with more specific or particular provisions in another part, the particular provision will be regarded as the clearer and more definite expression of the legislative will. Scott v. Greer, 229 Ark. 1043, 320 S.W.2d 262 (1959). Act 1021 contained an emergency clause declaring it effective upon passage and approval; the Governor signed and approved the act on April 2, 1997. Section 1 of Act 1021, however, also carried a specified effective date. Because section 1 expressly states it is to be effective January 1, 1998, and section 1 is a more particular provision, it is my opinion that the legislature intended for section 1 to take effect on January 1, 1998. See also Op. Att'y Gen. 93-209 (specified effective date of section 7 of Act 550 of 1993 controls over emergency clause).
My conclusion is supported by a review of the legislative history of Act 1021. In interpreting a statute and attempting to construe legislative intent, a court may look to legislative history. McCoy v. Walker,317 Ark. 86, 876 S.W.2d 252 (1994). House Bill 1568 was introduced on February 7, 1997, and it was initially ordered transmitted to the Governor's office on March 4, 1997.[1] Section 1 of House Bill 1568 provided in part: "Hereafter, during every step in the procedure for the selection of grand jurors and petit jurors, . . ." (Emphasis supplied.) On March 6, the bill was returned from the Governor. The bill was subsequently amended by deleting the word "Hereafter" in section 1 and substituting the words "Beginning January 1, 1998 and thereafter." House Bill 1568, as amended, became Act 1021 of 1997. Consequently, it is my opinion that the legislature did not intend to require the use of electronic or mechanical devices during every step of the process of selecting grand and petit jurors until January 1, 1998.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] See "Bill Status: H.B. 1568," Arkansas Bureau of Legislative Research.