Larry Norris, Director Arkansas Department of Correction P.O. Box 8707 Pine Bluff, AR 71611-8707
Dear Mr. Norris:
I am writing in response to your request for my opinion on the following questions:
 1. In order for an inmate to fall under A.C.A. § 16-93-607(d), must the inmate be under the age of twenty-one (21) years merely at the time of the offense? Must the inmate also be under 21 at the time of the conviction? What is the operative time frame for eligibility under this section?
 2. Please assume the following facts to be true: An inmate is serving time in the Arkansas Department of Correction for a Class Y felony committed after April 1, 1983. The inmate meets the age requirement of 16-93-607(d), as discussed above. Given these facts, which provision controls the inmate's parole eligibility date: 16-93-607(c)(3) or 16-93-607(d)?
RESPONSE
With respect to your first question, I believe the inmate must be under the age of 21 at the time of his conviction. With respect to your second question, I believe the provisions of A.C.A. § 16-93-607(d), which particularly addresses the parole eligibility of Class Y felons convicted before they turn 21, controls over the more general provisions of A.C.A. § 16-93-607(c)(3), which addresses the parole eligibility of adult Class Y felons.
Question 1: In order for an inmate to fall under A.C.A. § 16-93-607(d),must the inmate be under the age of twenty-one (21) years merely at thetime of the offense? Must the inmate also be under 21 at the time of theconviction? What is the operative time frame for eligibility under thissection?
Section 16-93-607 of the Arkansas Code (1987) addresses the parole eligibility of inmates convicted of felonies committed on or after April 1, 1983. Subsection (d) of this statute provides:
 Any person under the age of twenty-one (21) years who is first convicted of a felony and committed to the first offender penal institution or to the Department of Correction for a term of years shall be eligible for parole at any time unless a minimum time to be served is imposed consisting of not more than one-third (1/3) of the total time sentenced. In the event the individual is sentenced to a minimum time to be served, he shall be eligible for release on parole after serving the minimum time prescribed, with credit for good-time allowances, and for commutation by the exercise of executive clemency.
As the Arkansas Supreme Court noted in State v. Pinell, 353 Ark. 129,134, 114 S.W.3d 175 (2003):
 As in all statutory construction cases, the cardinal rule is to give full effect to the will of the legislature. Flowers v. Norris, 347 Ark. 760, 765, 68 S.W.3d 289, 292 (2002) ("It is . . . axiomatic that in statutory interpretation matters, we are first and foremost concerned with ascertaining the intent of the General Assembly.") (citing State v. Havens, 337 Ark. 161, 987 S.W.2d 686 (1999)). A statute is construed just as it reads, giving the words their ordinary and usually accepted meaning in common language. Edwards v. State, 347 Ark. 364, 64 S.W.3d 706 (2002). Nothing is taken as intended that is not clearly expressed. State ex rel. Sargent v. Lewis, 335 Ark. 188, 979 S.W.2d 894 (1998).
In my opinion, the answer to your question is controlled by the statutory language: "Any person under the age of twenty-one (21) years who is first convicted of a felony and committed to the first offender penal institution or to the Department of Correction for a term of years. . . ." This language might be considered ambiguous insofar as it could be read as requiring either that the felon eligible for parole under the statute be convicted before he reaches the age of 21 or that he be both convicted and committed before he reaches the age of 21. I doubt that the latter reading is correct. I believe the legislature inserted the term "committed" in this passage merely as an acknowledgment that commitment is a condition precedent to parole. Notwithstanding this possible ambiguity, the statute is unambiguous in providing that the date of conviction, not the date of the commission of the crime, is a triggering event. In my opinion, then, the inmate must be under the age of 21 at the time of his conviction in order to qualify for parole eligibility under this statute.
Question 2: Please assume the following facts to be true: An inmate isserving time in the Arkansas Department of Correction for a Class Yfelony committed after April 1, 1983. The inmate meets the agerequirement of 16-93-607(d), as discussed above. Given these facts, whichprovision controls the inmate's parole eligibility date: 16-93-607(c)(3)or 16-93-607(d)?
In my opinion, A.C.A. § 16-93-607(d) controls the inmate's parole eligibility date.
I have recited the terms of A.C.A. § 16-93-607(d) in my response to your first question. Subsection 16-93-607(c)(3) of the Code provides:
 Inmates classified as second offenders under § 16-93-606 and those who plead guilty or were convicted of a Class Y felony, upon entering a correctional institution in this state under sentence from a circuit court, shall not be eligible for release on parole until a minimum of one-half (1/2) of their sentence shall have been served, with credit for good-time allowances, or one-half (1/2) of the time to which the sentence is commuted by executive clemency shall have been served, with credit for good-time allowances.
This statute is general in nature, dealing with two categories of inmates — those who qualify as either second offenders or those who have pleaded guilty or been convicted of a Class Y felony. Under the facts as you have recited them, the inmate in question definitely falls within the latter category and possibly within the former. However, the inmate also falls within the narrower category described in A.C.A. § 16-93-607(d) — namely, any individual under the age of 21 "convicted of a felony and committed to the first offender penal institution or to the Department of Correction for a term of years. . . ." In order to determine which of these statutes controls, a court would apply standard rules of statutory construction. Among these rules is one articulated as follows in Scottv. Greer, 229 Ark. 1043, 1048-49, 320 S.W.2d 262 (1959):
 One of these rules, recognized and applied by this Court for many years, and applicable here, is: "Where general terms or expressions in one part of a statute are inconsistent with more specific or particular provisions in another part, the particular provisions will be given effect as clearer and more definite expressions of the legislative will." We have quoted the above rule from Hodges v. Dawdy, 104 Ark. 583, 149 S.W. 656. It was also recognized in Wiseman v. Ark. Util. Co., 191 Ark. 854, 88 S.W.2d 81. In 50 Am.Jur. 371 "Statutes" 367, the text states: "It is an old and familiar principle . . . that where there is in the same statute a specific provision, and also a general one which in its most comprehensive sense would include matters embraced in the former, the particular provision must control, and the general provision must be taken to affect only such cases within its general language as are not within the provisions of the particular provision." To the same effect see also 82 C.J.S. 720; and Crawford on "Statutory Construction" 189.
Accord Weaver v. Tyson Foods, 31 Ark. App. 147, 153, 790 S.W.2d 442
(1990); Thomas v. Easley, 277 Ark. 222, 640 S.W.2d 797 (1982).
In my opinion, in enacting A.C.A. § 16-93-607(d), the legislature clearly intended to afford felons convicted before they reach the age of 21 parole eligibility that is not available to adult Class Y felons under A.C.A. § 16-93-607(c)(3). Accordingly, I believe the former statute controls under the scenario set forth in your question.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh