## STATE v. GALLAGHER.

### Opinion delivered January 8, 1912.

PHYSICIANS AND SURGEONS—VIOLATION OF PRACTICE ACT—INDICTMENT.—
An indictment which alleges that defendant did unlawfully and repeat-edly prescribe and direct for the use of a certain patient "an agency commonly known as chiropractics for the treatment, cure and relief of a bodily disease," etc., does not allege an offense within Kirby's Digest, sections 5242, 5243, making it a misdemeanor to practice medicine without complying with such act, and providing that any person shall be regarded as practicing medicine within the meaning thereof "who shall append 'M. D.' or 'M. B.' to his name, or repeatedly pre-scribe or direct, for the use of any person or persons, any drug or med-icine or other agency for the treatment, cure or relief of any bodily injury, deformity or disease."

Appeal from Franklin Circuit Court, Charleston District; *Jeptha H. Evans*, Judge; affirmed.

#### STATEMENT BY THE COURT.

Appellee was charged with a violation of the practice of medicine act, in the Franklin Circuit Court, upon the following indictment:

"The grand jury of Franklin County and Charleston District, in the name and by the authority of the State of Arkansas, accuse one Doctor Gallagher of the crime of unlawful practice of medicine committed as follows:  The said one Doctor Gallagher on the 6th day of September, 1911, in the county and district aforesaid, did unlawfully and repeatedly prescribe and direct for the use of Mrs. Randolph Gibson an agency commonly known as chiropractics for the treatment, cure and relief of a bodily disease of the said Mrs. Randolph Gibson; the said Doctor Gallagher not then and there having first procured a certificate authorizing him to practice medicine as provided by the Re-vised Statutes of the State of Arkansas, against the peace and dignity of the State of Arkansas."

To the indictment a general demurrer was interposed and sustained, and from the judgment the State appealed.

*Hal L. Norwood*, Attorney General, and *William H. Rector*, Assistant, for appellant; *John D. Arbuckle*, Prosecuting Attorney, *Thomas A. Pettigrew* and *Sam R. Chew*, of counsel.

The prohibitions in the statute, Kirby's Digest § § 5241 and 5243, are directed against the practice of medicine by any school, or under any system, without authority prescribed by the law. Webster defines the practice of medicine as "the science and art dealing with the prevention, cure or alleviation of disease;" and the Standard Dictionary defines it as "the healing art—the science of the preservation of health and treating of disease for the purpose of cure." In view of these definitions, it is clear that the Legislature, in enacting the law regulating the practice of medicine, intended by the use of the term "other agency" to inhibit any and all methods and means of the practice unless the person engaged therein had in all respects complied with the law. Chiropractics comes within the meaning of the statute. 124 N. W. (Ia.) 167; 58 L. R. A. (Ala.) 925; 81 N. E. (N. Y.) 1171; 85 N. E. (Mass.) 858; 37 N. W. (Mich.) 888; 24 L. R. A. (Neb.) 68; 51 L. R. A. 717; 54 N. W. 513; 90 S. W. (Tenn.) 627; 55 N. E. (Mass.) 482; 101 N. W. (Ia.) 429; *Id.* 431; 124 N. W. 627; 109 N. W. 730; 103 N. W. (S. D.) 17; 121 S. W. (Tex.) 501; 124 S. W. 956; 90 N. E. (Ind.) 62; 135 S. W. (Mo.) 465; 114 Pac. (Kan.) 390; 114 Pac. (Wash.) 897; 131 N. W. (Ia.) 659.

*Geo. S. Evans*, for appellee.

This case turns upon the construction of the statute defining the practice of medicine, and in this the cases cited by appellant are of no assistance because the statutes upon which the decisions cited are based define the phrase "practice of medicine" differently from ours. Words are limited by their environment; their meaning is ascertained from their context and their relation to other words. Such being the rule, the phrase "other agency" employed in the statute does not include chiropractics. Kirby's Digest, § 5243; 61 O. St. 39; 76 Am. St. Rep. 358; 70 N. J. L. 34; 1 Am. & Eng. Ann. Cases, 51; 81 Miss. 291; 33 So. 653; 95 Am. St. Rep. 471; 133 N. C. 729;

46 S. E. 401; 98 Am. St. Rep. 731.   See also 61 Ark. 502; 67 Ark. 159;  67 Ark. 359.

KIRBY, J., (after stating the facts).   The only question presented is whether the indictment charges appellee with the commission of a public offense under sections 5242 and 5243 of Kirby's Digest, which read as follows:

"Section 5242.   Every person who shall practice or who shall attempt to practice medicine in any of its branches, or who shall perform or attempt to perform any surgical operation for any person, or upon any person within this State, without first having complied with the provisions of this act, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not less than twenty-five dollars nor more than five hundred dollars; or by imprisonment in the county jail for a period of not less than ten days nor more than ninety days or by both fine and imprisonment; and each day of such practice shall constitute a separate offense;   (b) provided, however, that this shall not apply to persons now engaged in the practice of medicine until ninety days after the passage of this act, the time allowed them for procuring their certificate."

"Section 5243.   Any person shall be regarded as practicing medicine, in any of its departments, within the meaning of this act, who shall append 'M. D.' or 'M. B.' to his name;  or repeatedly prescribe or direct, for the use of any person or persons, any drug or medicine or other agency for the treatment, cure or relief of any bodily injury, deformity or disease.   Provided that nothing in this act shall be so construed as to prevent any person from administering domestic remedies without receiving any compensation therefor, and nothing herein shall apply to the so-called midwife."

The indictment accuses Doctor Gallagher of the unlawful practice of medicine, alleging that he "did unlawfully and repeatedly prescribe and direct for the use of Mrs. Randolph Gibson an agency commonly known as chiropractics for the treatment, cure and relief of a bodily disease of the said Mrs. Randolph Gibson; the said Doctor Gallagher not then and there having first procured a certificate authorizing him to practice medicine as provided by the revised statutes of the State of Arkansas."

Appellee is not charged with performing or attempting

to perform any surgical operation, nor with having appended either the letters, "M. D." or "M. B." to his name, nor with prescribing any drug or medicine in the treatment of disease, but only with prescribing and directing for the use of the patient "an agency commonly known as chiropractics, for the treatment, cure and relief of a bodily disease," etc.

It is claimed by appellee that chiropractics is not an agency, within the meaning of the said law, and it is defined in his brief as "the science and art of adjusting by hand the displacements of whatsoever character that may occur in the human anatomy, the three hundred articulations of the skeletal frame being prominent, but especially the fifty-two articulations of the vertebral column, to remove abnormal pressure and occlusion from the nerve trunks which supply vitality, sensation and motion to the entire body. * * * When the articulations of the skeletal frame are perfectly adjusted so that the improper pressure is relieved and removed, the nerve stimulus restores a normal vitalty, which is health. The chiropractor is a mechanic whose duty it is to see that the human anatomy is in working order."

Chiropractic is derived from the Greek, and means, primarily, to do by hand—hand manipulation. Webster's New International Dictionary defines chiropractics to be a system of healing that treats disease by manipulation of the spinal column. No benefit would be derived from reciting the definition of the practice of medicine, as given by Webster, the Standard Dictionary, or the statutes of other jurisdictions, our own statute having defined it as already set out in said section 5243. *Foo Lun* v. *State*, 84 Ark. 475.

In this definition the expression, "medicine, in any of its departments," is as broad and inclusive as the expression, "medicine, in any of its branches," contained in section 5242, and was doubtless used with the same meaning. It is not and can not be contended that chiropractics is a drug or medicine, within the meaning of the act, and, although it is an agency, in the common acceptation of the term; and if that term had been used without the association in which it is found, there is no doubt but that it would have included the practice of chiropractics, but it was not so used.

Under the familiar rule of construction, the doctrine

*ejusdem generis*, this general term "other agency" must be limited by the meaning of the specific terms "drug or medicine" preceding it, and can only include agencies of a like nature as those designated by said words.   Lewis' Sutherland, Statutory Construction, § 422; *Lee* v. *Huff*, 61 Ark. 502.

This rule of construction, like others, can only be used in ascertaining the legislative intent, and not for the purpose of controlling it, or confining the operation of a statute within narrower limits than was intended by the Legislature.   It does not, however, deprive the term "other agency," so used, of all meaning, but only limits its meaning to agencies of the like nature and quality as those designated by the particular words.

The practice of medicine act was designed for the protection of the public against all who are not learned and skilled in the science of medicine and the treatment of diseases, and is to be liberally construed in that regard.   Still it inures to the benefit of the favored class, those who are sufficiently learned and skilled, and are permitted by its terms to practice the profession, and creates a new offense for its violation unknown to the common law.   On that account, it must be strictly construed.

The practice of chiropractics, as defined, understood and used in the treatment of ailments of the body, is not included within the definition of the practice of medicine in said statute, and not limited by it to those only who have procured certificates in accordance with said act.

The many cases cited from other States do not assist greatly in the construction of this statute, having arisen under statutes materially different from ours; but for a like construction of similar statutes, see *State* v. *Liffring*, 61 Ohio 39, 76 Am. St. Rep. 358; *State* v. *Herring*, 70 N. J. L. 34; 1 Am. & Eng. Ann. Cases 511.   See also *State* v. *Haydon*, 81 Miss. 291, 33 So. 653; *State* v. *Biggs*, 133 N. C. 729, 46 S. E. 401.

This statute was not intended to include the practice of osteopathy, which chiropractics more nearly resembles than it does the practice of medicine, for the Legislature passed an act regulating that practice, which expressly declares that it is not included within the practice of medicine.   It is not necessary to decide whether the statute regulating the practice of osteopathy was violated by appellee by the practice of chiropractics, the indictment not charging a violation thereof.

We are of the opinion that the indictment did not charge appellee with the commission of a public offense, and the court did not err in sustaining the demurrer. The judgment is affirmed.

HART, J., (dissenting). I believe that a chiropractor is amenable to the penalties of the statute under consideration. Our statute is broader than the statutes in the cases cited in the opinion of the majority. The statute under consideration specifically refers to the practice of medicine in all its branches. This would include osteopathy except that a subsequent section of the same act expressly excludes it from the definition of the practice of medicine in all its branches. See Kirby's Digest, sections 5251-60. The latter section expressly exempts osteopathists from the operation of the statute.

The phrase "other agency" is a very broad term, and I think includes the use of the hands. The practice of medicine in all of its branches includes surgery, and surgery is practiced by manual operation as well as by instrumental appliances.

In the case of *Wallis* v. *State*, 54 Ark. 612, the court held: "The statute defining the crime of embezzlement by 'any carrier or other bailee' is not confined to bailees of the generic class 'carriers,' but embraces all bailees." See also *Matthews* v. *Kimball*, 70 Ark. 451.

The object of the statute under consideration is, broadly stated, for the protection of the public health, and the Legislature evidently intended to guard the overcredulous against injury that might result from yielding to the solicitations of those who undertake to diagnose and prescribe for human ailments without possessing the learning and qualifications prescribed by our statutes. The fact that the Legislature used the term "practice of medicine in all its branches," and expressly exempted osteopathists from the operation of the statute, convinces me that it intended to include all others, who practice the art of healing by the phrase "other agency."