George LANGFORD et al *v.* Malvin U. BRAND, County Judge et al

81-169                                    626 S.W. 2d 198

Supreme Court of Arkansas
Substituted Opinion on Motion for Clarification
delivered January 11, 1982

*Irwin & Kennedy,* by: Robert E. Irwin, for appellants.

*Wilbur C. Bentley,* Pros. Atty., by: *Larry D. Vaught,* Deputy Pros. Atty., for appellees.

GEORGE ROSE SMITH, Justice. This suit was brought by the appellants, six residents of the Harris Brake Fire Protection District, seeking a judgment declaring the district to be void for the single reason that the quorum court ordinance creating the district was adopted *before* the required public notice and hearing rather than afterward. The county judge and the other defendants answer that the statute, properly construed, contemplates that the passage of the ordinance should precede the notice and hearing, which was the procedure used. The chancellor upheld the validity of the district. The Court of Appeals certified the case to us as presenting an issue of statutory construction. Rule 29 (1) (c).

The trial court was unquestionably right. The statute providing for the creation of fire protection districts, Act 35 of 1979, is a detailed, comprehensive act comprising 23 sections. Ark. Stat. Ann. §§ 20-923 *et seq.* (Supp. 1981). With respect to the question at issue there is a slight conflict between Sections 1 and 2 of the act, but when the act is read as a whole the conflict is seen to be inadvertent and immaterial.

Section 1 is general and merely introductory, but Section 2 is the pertinent specific effective part of the act and must be regarded as controlling. We need quote only Section 1 and the first paragraph of Section 2:

Section 1. Fire protection districts may be established to serve all or any defined portion of any county in either of the following ways:

(a) By the Quorum Court by ordinance enacted after notice and public hearing, or

(b) By the County Court pursuant to an election of the qualified electors of the proposed district, initiated, called and conducted as provided herein.

Section 2. (a) When an ordinance is adopted by the Quorum Court establishing a fire protection district, the Quorum Court shall publish notice of the adoption of the ordinance in a newspaper of general circulation in the county. Such notice shall include a copy of the ordinance and shall prescribe a time and place for a public hearing on the ordinance. The public hearing shall be held at least thirty (30) days and not more than sixty (60) days after the date of publication of the notice. If at such hearing a majority of the qualified electors in the proposed district appear in person to oppose the establishment of the district or if petitions opposing the establishment of the district and containing signatures of a majority of the qualified electors in the proposed district are filed at or before such public hearing, the ordinance creating the district shall be void.

The second paragraph of Section 2 (a) then provides that even if the majority of the electors do not object to the establishment of the district, there must still be a special election before bonds are issued. Section 2 (b) gives an alternative procedure by which 10% of the qualified electors may petition the county court to call a special election to authorize the establishment of the district.

Under familiar rules of statutory construction we must, in order to give effect to the manifest legislative intention, correct errors by rejecting certain words and substituting others in order to reconcile apparent inconsistencies. *Graves v. McConnell*, 162 Ark. 167, 257 S.W. 1041 (1924). When

general terms in a statute are inconsistent with more specific provisions, the latter will be regarded as the clearer and more definite expression of the legislative will. *Scott* v. *Greer*, 229 Ark. 1043, 320 S.W. 2d 262 (1959).

Those principles have the support of common sense when they are followed in this case. The draftsman of the act evidently intended subsections (a) and (b) of Section 1 to be amplified and implemented by the detailed provisions of the corresponding subsections (a) and (b) of Section 2. Inadvertently, however, the draftsman referred in Section 1 to an ordinance enacted *after* notice and public hearing instead of using more accurate introductory language, such as an ordinance "effective after" notice and public hearing. We cannot read the obvious inconsistency in the language of the act to mean that the electors must be given two opportunities to approve of the establishment of the district. This conclusion is confirmed by the fact that Section 1 (a) of the act contains no language specifying the kind of notice to be given before the entry of the quorum court order. That omission makes it clear that only the notice specified in Section 2 (a) was meant to be necessary.

Affirmed.