Dexter Owen HEARD and Dustin Perry HEARD,
by their Parents and Next Friends,
Stanley and Penney HEARD *v.*
Charles PAYNE, Superintendent of
Lake Hamilton School District

83-279                                           665 S.W.2d 865

Supreme Court of Arkansas
Opinion delivered March 5, 1984
[Rehearing denied April 9, 1984.]

*James R. Marschewski,* for appellants.

*John B. Robbins,* for appellee.

JOHN I. PURTLE, Justice. The trial court dismissed appellants' petition for mandamus at the close of appellants' presentation of evidence in a trial before the court. The appellants here argue that the court erred in directing a verdict in favor of the appellee. They contend that Act 244 of the Acts of the General Assembly of 1967 contained

a typographical error, that a chiropractor is a licensed physician in this case, and that the word "may" in Act 244 means "shall." We hold that a chiropractor is not a licensed physician in this case and affirm the trial court.

Dexter Owen Heard and Dustin Perry Heard are the twin sons of Stanley and Penney Heard. The twins were suspended from the Lake Hamilton School District until such time as the children were in compliance with the state immunization law. The parents had failed to have the children immunized in compliance with Acts of the General Assembly of Arkansas 1967 Act 244, requiring immunization of all children before they are allowed to attend school. The Heards attempted to comply with an exemption clause allowing the children to attend school without being immunized.

In September, 1983, the parents were notified by school officials that their children could not continue in the school without complying with Act 244. The Heards had obtained a certificate from a chiropractor stating that the children showed no evidence of infectious or contagious disease and that due to a history of allergic reactions, they should have no further inoculation or immunization. The school rejected the chiropractic certificate because officials did not think it met the requirements of Act 244.

On October 19, 1983, the children were suspended from school. On October 27, 1983, the parents filed a petition for mandamus seeking to require the superintendent of schools, Charles Payne, to accept the certificate of Dr. John E. Nelson, the chiropractor, in lieu of immunization. The matter was heard in the circuit court on November 4, 1983. The defendant's motion for directed verdict was granted at the close of plaintiffs' case.

Acts of the General Assembly of 1967, Act 244, Section 1 (Ark. Stat. Ann. § 80-1548 [Repl. 1980]) states in part:

No child shall be admitted to a public or private school of this State who has not been immunized from . . . (Diseases named here).

Section 2 of Act 244 (Ark. Stat. Ann § 80-1549) states in part:

> If, in the discretion of the health authority having jurisdiction, of any physician licensed to practice by the three (3) medical examining boards enumerated in Section 1 of Act 148 of 1935 [Ark. Stats. (1947) Section 72-201], any person to whom this Act applies shall be deemed to have physical disability which may contraindicate vaccination, a certificate to that effect, issued by the said health officer, may be accepted in lieu of a certificate of vaccination . . .

The third statute necessary in considering the construction of the statute under consideration is Section 1 of Act 148 of 1935 (Ark. Stat. Ann. § 72-201 [Repl. 1979]). It reads in pertinent part as follows:

> It is hereby made the duty of each of the medical examining boards, to-wit: The Homeopathic State Medical Board, the Eclectic State Medical Board, the State Medical Board of the Arkansas Medical Society, the State Board of Osteopathic Examiners, and the State Board of Chiropractic Examiners . . .

In construing a statute it is the court's duty to construe it just as it reads. *City of North Little Rock* v. *Montgomery*, 261 Ark. 16, 546 S.W.2d 154 (1977) and *Black* v. *Cockrill, Judge*, 239 Ark. 367, 389 S.W.2d 881 (1965). In the absence of an indication of a different legislative intent, the courts give words their ordinary and usually accepted meaning in common language. *City of North Little Rock* v. *Montgomery*, supra, and *Phillips Petroleum* v. *Heath*, 254 Ark. 847, 497 S.W.2d 30 (1973). The primary rule in construction of statutes is to give effect to the intention of the legislature. *Shinn* v. *Heath, Director*, 259 Ark. 577, 535 S.W.2d 57 (1976) and *Duty* v. *City of Rogers & Benton County*, 255 Ark. 309, 500 S.W.2d 347 (1973).

A logical and common-sense reading of Section 2 of Act 244, which states, "any physician licensed to practice by the three (3) medical examining boards enumerated in Section 1

of Act 148 of 1935," leads us to hold that this clause requires an exemption certificate to be issued by the health authority or a licensed physician. Although Act 148 of 1935 may have been repealed prior to the enactment of Act 244, Act 148 was still in print and it was obviously used for reference and understanding only. Act 148 listed five boards: Homeopathic State *Medical* Board; Eclectic State *Medical* Board; State *Medical* Board of the Arkansas *Medical* Society; State Board of Osteopathic Examiners; and State Board of Chiropractic Examiners. Giving the words their normal meaning and construing the enactment (Act 244) just as it reads, we conclude that the first three boards mentioned are medical boards and the last two mentioned are not.

In 1955, the General Assembly passed Act 65, which created the Arkansas State Medical Board. Act 65, codified at Ark. Stat. Ann. § 72-602, reads in pertinent part as follows:

In the place of the three (3) medical examining boards (Homeopathic State Medical Board, Eclectic State Medical Board and The State Medical Board of the Arkansas Medical Society) heretofore existing . . . there is hereby created the Arkansas State Medical Board . . .

It is obvious that the legislature was referring to the same "three (3) medical examining boards" in both Act 65 and Act 244. It is equally obvious that the State Board of Chiropractic Examiners is referred to in neither.

Additionally, the State Board of Health has promulgated rules and regulations which permit only the Director of the Arkansas Department of Health to issue certificates exempting children from complying with the immunization mandated by Act 244.

We hold that a chiropractor is not a physician within the context of Act 244 and that the certificate upon which appellants rely does not meet the requirements of the act. Therefore, it is not necessary for us to consider the other arguments presented by the appellants.

Affirmed.