Diana STOVER *v.* Curtis E. STOVER

85-50                                              696 S.W.2d 750

Supreme Court of Arkansas
Opinion delivered October 7, 1985

*Jean M. Madden*, for appellant.

*Jack Holt, Jr.*, for appellee.

MITCHELL D. MOORE, Special Chief Justice. The issue on appeal is the interpretation of Ark. Stat. Ann. § 34-1214 (A) (1) (Supp. 1985). Diana Stover, the appellant, has brought this appeal alleging that she has been deprived of "her vested property rights" which she held with her husband, Curtis E. Stover, a physician specializing in abortions. She was convicted of conspiring to murder the appellee and is serving a sentence in the Arkansas Department of Correction. In November of 1982, the court awarded a decree of divorce to the appellee, Curtis E. Stover, taking under advisement the question of the division of marital property of the parties.

In its supplemental decree on May 4, 1984, the court, in effect, found that the appellant was not entitled to: (1) a significant interest in marital property, (2) alimony, (3) an interest in appellee's medical practice and pension plan, (4) more than a partial interest in a Mercedes automobile, and (5) attorney's fees. The question of real and personal property held as tenants by the entirety does not exist in this appeal because such property held by the parties at the commencement of the divorce was levied upon and sold by the Internal Revenue Service, sold at foreclosure, and levied upon and sold by judgment creditors. In its supplemental decree the court stated for its basis and reasons for not dividing the marital property equally:

> 1. That it would be inequitable to distribute the marital property one-half to each party inasmuch as the Plaintiff,

during the latter tenure of the marriage, was tried, convicted, and sentenced on a charge of criminal conspiracy, 1st degree, to cause the murder of the Defendant, Curtis E. Stover.

2. That under the facts and circumstances presented to this Court, the Court considers it fair and equitable, and thereby does order the following division of property:

The court proceeded to make the division.

All the issues raised on appeal by the appellant, Diana Stover, were addressed by the trial court in stating its basis and reasons for not dividing the marital property equally.

The applicable portions of Ark. Stat. Ann. § 34-1214, Division of Property, are:

(A) At the time a divorce decree is entered: (1) All marital property shall be distributed one-half (½) to each party unless the court finds such a division to be inequitable, in which event the court shall make some other division that the court deems equitable taking into consideration (1) the length of the marriage; (2) age, health and station in life of the parties; (3) occupation of the parties; (4) amount and sources of income; (5) vocational skills; (6) employability; (7) estate, liabilities and needs of each party and opportunity of each for further acquisition of capital assets and income; (8) contribution of each party in acquisition, preservation or appreciation of marital property, including services as a homemaker; and (9) the federal income tax consequences of the Court's division of property. When property is divided pursuant to the foregoing considerations the court must state its basis and reasons for not dividing the marital property equally between the parties and such basis and reasons should be recited in the order entered in said matter.

The appellant contends that the trial court is limited in its division of property to only take into consideration the nine factors set forth in paragraph (A) (1) above. The primary rule in statutory construction is to ascertain and give effect to the intention of the legislature. *Heard* v. *Payne*, 281 Ark. 485, 665 S.W.2d 865 (1984); *Shinn* v. *Heath*, 259 Ark. 577, 535 S.W.2d

57 (1976). Under the statute the court, in making an equitable division of property, is to take into consideration the nine factors enumerated. Does that preclude consideration of other factors? The rule of construction which dictates that general terms are controlled by specifics is to be used only to ascertain legislative intent not to control it or to confine the statute to narrower limits than intended. *Wiseman* v. *Affolter*, 192 Ark. 509, 92 S.W.2d 388 (1936); *State* v. *Gallagher*, 101 Ark. 593, 143 S.W. 98 (1912). We cannot hold that the legislature intended to preclude a chancellor from considering such bizarre facts as those in this case. Simply because the statute specifically enumerates certain factors for the chancellor to consider in distributing the marital property other than equally should not prevent consideration of the fact that one spouse has been convicted of conspiring to kill the other. That is the extent of our holding. A literal application which leads to absurd consequences should be rejected where an alternative interpretation effects the statute's purpose. See *Hice* v. *State*, 268 Ark. 57, 593 S.W.2d 169 (1980). The purpose of the statute must be considered in construing it. *Berry* v. *Sale*, 184 Ark. 655, 43 S.W.2d 225 (1931). The purpose of Ark. Stat. Ann. § 34-1214 (Supp. 1985) is to effect the equitable distribution of property upon divorce. We uphold the chancellor's decision.

■ Cases on appeal from the chancery court are tried *de novo*. This court does not reverse unless the findings of the trial judge are clearly erroneous, giving due deference to the trial judge's superior position to determine the credibility of witnesses, and the weight to be accorded to their testimony in the light of other facts before the trial judge. *Edward* v. *Vaught*, 284 Ark. 262, 681 S.W.2d 322 (1984).

■ The trial court during two days of trial had the opportunity to observe the parties and their witnesses and reflect upon their demeanor and testimony as given from the witness stand, and to make an equitable distribution between the parties where it found that an equal division would be inequitable. In the case of *Day* v. *Day*, 281 Ark. 261, 663 S.W.2d 719 (1984), it was stated:

> To the contrary, Section 34-1214 allows leeway for the exercise of the Chancellor's best judgment, for it provides that all marital property shall be divided equally 'unless

the court finds such division to be inequitable.'

This court, in the case of *Potter* v. *Potter*, 280 Ark. 38, 655 S.W.2d 382 (1983), held:

> The statute states that all marital property shall be divided equally unless the court finds such a division to be inequitable, in which case the court shall make an equitable distribution.

The court has on more than one occasion recognized that the chancellor is given latitude in dealing with the division of property rights in order that an equitable division of property between parties will be made. Cases supporting this position *Paulsen* v. *Paulsen*, 269 Ark. 523, 601 S.W.2d 873 (1980); *Bachman* v. *Bachman*, 274 Ark. 23, 621 S.W.2d 701 (1981); and *Hackett* v. *Hackett*, 278 Ark. 82, 643 S.W.2d 560 (1982).

The ruling of the lower court is affirmed.

Dudley and Newbern, JJ., dissent.

HOLT, C.J., and PURTLE, J., not participating.

DAVID NEWBERN, Justice, dissenting. The chancellor said "under the facts and circumstances presented" he was making other than equal division of the property. The only fact or circumstance mentioned by him is that the appellant was convicted of attempting to murder the appellee. At first blush of moral indignation that fact would seem surely enough to deny the appellant any marital property whatever. Upon palliative reflection, however, I believe the majority's opinion is incorrect, and its credibility is immediately betrayed by the attempt to limit its effect to the "bizarre" facts of this case. This should be a court in which precedent is applied even-handedly.

It is clear that we cling to fault as the main basis for dissolution of marriage. It is equally clear that a person convicted of attempted murder will be punished by the criminal law. However, I believe it was the intention of our General Assembly to remove the punitive aspect from division of property upon divorce.

As the majority points out, Ark. Stat. Ann. § 34-1214 (Supp. 1985) permits the chancellor to divide property on other than a

fifty-fifty basis when equal division would be inequitable. The statute says the court shall make its equitable decision "taking into consideration" the nine factors listed, none of which mentions fault. The statute concludes with the sentence beginning: "When property is divided according to the foregoing considerations the court must state its basis. . . ." To me that indicates legislative intent to limit the considerations to those enumerated. The provision for equitable distribution is no more than a general introduction to the specific "equities" enumerated in the act. It would be proper for us here to follow the principle of statutory construction that when there is inconsistency or doubt about the meaning of a statute the general terms will be controlled by the specific. *Langford* v. *Brand*, 274 Ark. 426, 626 S.W.2d 198 (1982); *Scott* v. *Greer*, 229 Ark. 1043, 320 S.W.2d 262 (1959). The substantially older cases cited by the majority on the limitations of this principle do no more than suggest that it is not iron-clad. I agree with them, but that does not lessen the principle's usefulness in a case where the General Assembly has given an extensive list of considerations which is notable for its omission of "fault," a matter which surely must have crossed the legislative mind when the statute was drafted.

In addition, the majority misapplies the language of Ark. R. Civ. P. 52(a). The "clearly erroneous" standard of review is invoked without citation of the rule. The rule, in part, says:

> Findings of fact shall not be set aside unless clearly erroneous (clearly against the preponderance of the evidence), and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.

There is no dispute in this case about the fact that the appellant was convicted of conspiring to kill her husband. The dispute here is about whether that fact should control the result reached by the chancellor in distribution of marital property.

I agree with the majority that we try a case like this *de novo*. While Rule 52(a) precludes us from upsetting factual findings unless they are clearly erroneous, we are free to alter the chancellor's conclusions and the result the chancellor reached.

Even if I could conclude that it was not error for the chancellor to go beyond the statutory considerations for marital

property division, I would conclude the division here to have been inequitable. Although the misconduct of the appellant was extreme, the abstract of the record presented by the appellant and unchallenged by the appellee showed that the appellee was engaged in income tax evasion and hiding his assets from her and introducing drugs to her which caused her physical injury. The chancellor may or may not have believed any of that testimony. We do not know. He seized solely upon the criminal conviction of the appellant. That is the only fact or circumstance he recited.

This case demonstrates the wisdom of the General Assembly's decision to leave fault out of the considerations to be used in division of marital property. There is enough misery to go around in the disintegration of a marriage. There is enough inevitable punishment in the dissolution of a marriage. Surely when, as here, a criminal act is a part of the fault of one party it is enough that the criminal law has run its course.

While we will always be able to hide behind the majority opinion's disclaimer of its effect only on cases with the same facts as this one, it is wrong for us to do so. When, in the next case, we say it was wrong for the chancellor to consider some lessor fault, we will be delivering that well-known contradiction in terms, "unequal justice."

DUDLEY, J., joins in dissent.