Gaylon E. Carter, D.C. Acting President Arkansas State Board of Chiropractic Examiners 501 Woodlane, Suite 136 Little Rock, AR 72201
Dear Dr. Carter:
This is in response to your request for an opinion on whether the manipulation of the spinal vertebrae of a patient while under anesthesia is encompassed under the scope of chiropractic practice as defined under A.C.A. § 17-81-102 (Repl. 1992).
The practice of Chiropractic is defined under A.C.A. § 17-81-102,et seq. (Cum. Supp. 1991), as follows:
 (2) "Chiropractic" means that science and art which utilizes the inherent recuperative powers of the body and deals with the relationship between the nervous system and the spinal column, including its immediate articulations, and the role of its relationship in the restoration and maintenance of health;
 (3)(A) "Practice of chiropractic" means the engagement for compensation in the diagnosis and analysis of any interference with normal nerve transmission and expression, and the procedure preparatory to and complementary to the correction thereof by an adjustment of the articulations of the vertebral column, its immediate articulations, including spinal adjustments, spinal manipulations, and spinal mobilizations, such as any type of pressure, force, thrust, or passive movement, singular or plural, applied to the spinal vertebrae or their adjacent articulations by hand or mechanical device or by other incidental adjustments, for the restoration and maintenance of health. The practice of chiropractic includes therapy, the normal regimen, and rehabilitation of the patient for the purpose of removing any injury, deformity, or abnormality of human beings without the use of drugs or surgery;
 (B) The practice of chiropractic, as authorized under the provisions of this chapter, shall not include the performance of the duties of a midwife or obstetrician, therapy by the use of ionizing radiation, incisive surgery, prescribing for or administering to any person any drug to be taken internally, or puncturing the skin for the purpose of introducing any substance into the body. Nothing herein shall prevent puncturing the skin for routine blood analysis, including red blood count, white blood count, differential and serology, in the practice of chiropractic for diagnostic purposes;
 (4) "Analysis" includes physical examination, the use of X-ray and other analytical instruments, and procedures generally used in the practice of chiropractic;
 (5) "Spinal manipulation" and "adjustment" mean the skillful or dexterous treatment whereby a corrective force or passive movement of the joint is made to realign vertebrae or articulations to their normal juxtaposition. . . . [Emphasis added.]
In construing this statute, or any statute, it is the court's duty to construe it just as it reads. Heard v. Payne,281 Ark. 485, 487, 665 S.W.2d 865, 866 (1984). The plain language of the statute above defines the "practice of chiropractic" as a procedure undertaken "without the use of drugs or surgery."
An argument can be made that the intended meaning of the statute is a limitation on a chiropractor's own administration of drugs to a patient and that it does not address circumstances where the drugs are administered by another authorized professional, such as an M.D. Such an interpretation requires a looser reading of the statute than might be permitted by the courts. For this reason, I would advise the Board to exercise great caution in consideration of any rule permitting manipulation under anesthesia. The wiser and more certain course would be to seek legislative clarification permitting chiropractors this additional refinement of their practice.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General T. Jeff Vining.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh