The Honorable Ron Fields, Prosecuting Attorney Twelfth Judicial Circuit Sebastian County Courthouse Fort Smith, Arkansas 72901
Dear Mr. Fields:
This is in response to your request for an opinion regarding the applicability of A.C.A. § 16-23-101(c) to the two judicial districts of Sebastian County. That subdivision requires each county having two judicial districts (and meeting certain other criteria) to create a county law library within each judicial district. On behalf of Honorable Stanley Leasure, Chairman of the Board of Directors of the Sebastian County Law Library, you have posed the following two specific questions:
 (1) Do the provisions of A.C.A. §§ 16-23-101(c)(1) and (2) apply to the Greenwood and Fort Smith Districts of Sebastian County, Arkansas?
 (2) If this statute is applicable to Sebastian County, what steps should the Board of Directors of the Sebastian County Law Library take to carry out the provisions of the statute?
It is my opinion that the answer to your first question is "yes."
In order to determine whether this statute applies to the judicial districts in a given county, it is necessary to determine whether the county in question meets all of the requirements of section (c)(1). This section contains three requirements:
(1) The county in question must have two judicial districts;
 (2) The judicial districts that are located in the county in question must have an organized bar association that was organized prior to March 1, 1991;
 (3) The county in question must have a county law library that was established prior to March 1, 1991.
It is my opinion that Sebastian County meets all the requirements set forth in A.C.A. § 16-23-101(c)(1). First, Sebastian County has two judicial districts. Second, both judicial districts in Sebastian County have an organized bar association that was organized prior to March 1, 1991.[1] Because the Sebastian County Bar Association covers the entire county, both the Fort Smith district and the Greenwood district can claim it as their bar association for purposes of A.C.A. § 16-23-101(c)(1). Third, Sebastian County, in which both districts are located, has a county law library that was established prior to March 1, 1991. For these reasons, I conclude that the provisions of A.C.A. §§ 16-23-101(c)(1) and (2) do apply to Sebastian County.
In answer to your second question, it is my opinion that A.C.A. §§16-23-101(c)(1) and (2) do not authorize the board of directors of any existing law library to carry out the provisions contained in these sections of the statute. Rather, these provisions explicitly require and authorize the county itself to do so. Under certain other remaining sections of Title 16, Chapter 23, the boards of directors of libraries that have already been established pursuant to the chapter are authorized to perform the duties described therein.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SA/cyh
[1] The precise language of the statute states that each district must have a bar association that was "organized in each district." This language could conceivably be interpreted to mean that each district in question must have a separate bar association. However, because there are no counties in the State of Arkansas where the separate judicial districts within one county have separate bar associations, this interpretation would result in making the statute meaningless. Under the Arkansas Supreme Court's stated rules of statutory interpretation, statutes must be read so as to avoid a result in which the legislation in question would be useless or meaningless. Death and Permanent TotalDisability Trust Fund v. Whirlpool Corp., 39 Ark. App. 62, 837 S.W.2d 294
(1992) (legislature not presumed to have done a vain or useless thing). The Court has also held that the language of statutes should not be read literally where to do so would result in an absurdity. Stover v. Stover,287 Ark. 116, 696 S.W.2d 750 (1985). I therefore reject such an interpretation of A.C.A. § 16-23-101(c)(1).