The Honorable George Hopkins State Senator 78 Harver Hills Malvern, Arkansas 72104
Dear Senator Hopkins:
This letter is a response to your request for an opinion regarding the possibility of a county election commissioner becoming a candidate for delegacy to a constitutional convention. You have presented the following questions:
 (1) In light of A.C.A. § 7-4-109 and Article 3, § 10
of the Arkansas Constitution, may a county election commissioner be a candidate for a constitutional convention?
 (2) If not, may an election commissioner recuse himself from any responsibilities relating to the election and be a candidate?
RESPONSE
Question 1 — In light of A.C.A. § 7-4-109 and Article 3, § 10 of theArkansas Constitution, may a county election commissioner be a candidatefor a constitutional convention?
It is my opinion that neither A.C.A. § 7-4-109 nor Article 3, § 10 of the Arkansas Constitution, when read literally, prohibits a county election commissioner from being a candidate for delegacy to a constitutional convention. However, it is my opinion that because these provisions were intended to prevent conflicts of interest in the election process, a county election commissioner may not be a candidate in any election at which he serves in his capacity as election commissioner.
The pertinent sections of A.C.A. § 7-4-109 state:
 (a)(2) No member of a county board of election commissioners shall be a candidate for any office to be filled at any election while serving on the county board.
* * *
 (d) No member of a county board of election commissioners shall be a candidate for any office to be filled at any general election while serving on the county board.
A.C.A. §§ 7-4-109(a)(2) and (d).
Article 3, § 10 of the Arkansas Constitution provides in pertinent part:
 Nor shall any election officer be eligible to any civil office to be filled at an election at which he shall serve. . . .
Ark. Const. art. 3, § 10.
The Arkansas Supreme Court has held that the position of delegate to a constitutional convention does not constitute a "civil office." The court so held in Harvey v. Ridgeway, 248 Ark. 35, 450 S.W.2d 281 (1970), where a state senator's delegacy to a constitutional convention was challenged on the basis of the prohibition set forth in Article 5, § 10 of the Arkansas Constitution against legislators serving in any "civil office" while serving as legislators.
Like the constitutional language under consideration in Harvey, the language of Art. 3, § 10 and that of A.C.A. § 7-4-109 only prohibits election officers from being eligible for other "office[s]." Pursuant to the holding in Harvey, therefore, I must conclude that because the position of delegate to a constitutional convention does not constitute a "civil office,"[1] the provisions of Art. 3, § 10 of the Arkansas Constitution and those of A.C.A. § 7-4-109, when read literally, do not prohibit an election commissioner from becoming a candidate to a constitutional convention.[2]
However, the Arkansas Supreme Court has held many times that statutes should not be given a strict literal reading when to do so would obviate the clear intent of the legislature. See, e.g., Neely v. State,317 Ark. 312, 877 S.W.2d 589 (1994); Stover v. Stover, 287 Ark. 116,696 S.W.2d 750 (1985). For this reason, it is my opinion that an election commissioner may not be a candidate in any election at which he serves in his capacity as election commissioner, for the obvious reason that a blatant conflict of interest would be inherent in such a situation. The evident underlying purpose of both A.C.A. § 7-4-109 and Article 3, § 10
of the Arkansas Constitution is to prevent candidates from asserting any administrative control over the elections in which their candidacy is pending, thereby providing a certain level of assurance of the fairness of the election procedure. The Harvey court recognized that the constitutional language under consideration in that case was intended to prevent conflicts of interest, but determined that no such conflict would result from the situation of a senator serving as a constitutional convention delegate. The court implied, in dicta, that had such a conflict resulted, the court might have seen a greater need for an application of the constitutional prohibition. It is in that respect that the situation about which you have inquired differs from Harvey. Here, the conflict of interests at which the statute and the constitutional provision are aimed does, in fact, result. Application of the prohibition, therefore, is appropriate in this instance.
Accordingly, I conclude that an election commissioner may not be a candidate in any election at which he serves in his capacity as election commissioner.
Question 2 — If not, may an election commissioner recuse himself from anyresponsibilities relating to the election and be a candidate?
It is my opinion that an election commissioner may recuse himself from his responsibilities relating to the election in which he is a candidate.
Your question appears to indicate that the recusal about which you are inquiring would be a recusal only from responsibilities related to the specific election in which the commissioner in question is a candidate, rather than a permanent resignation from the commission. In my opinion, a one-time recusal of this nature is permissible.
Although there is no specific statutory language that would mandate this conclusion, there are implications that such a conclusion is appropriate.
First, the statutes make provision for the supplying of temporary
substitute election commissioners who are to serve in the event of a "vacancy or disqualification" of election commissioners. A.C.A. §7-4-103. See also A.C.A. § 7-4-108; Bonds v. Rogers, 219 Ark. 319,241 S.W.2d 371 (1951). Second, under the provisions of A.C.A. § 7-4-105, election commissioners "shall hold office until their successors are appointed and qualified." Third, the Arkansas Supreme Court has noted that the position of county election commissioner, being a public office, is not subject to any removal authority, nor is any such authority conferred by statute. Warren v. McRae, 165 Ark. 436 (1924).
Considering these factors together, I conclude that an election commissioner may disqualify himself from service as an election commissioner in relation to a given election on the grounds that he is a candidate in that election, and that in so doing, he does not relinquish his position as an election commissioner for purposes of future elections, nor does he subject himself to any possibility of removal from the position.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] The Arkansas Supreme Court has addressed the question of what constitutes an "office" for purposes of the issue of dual office-holding. The position of delegate to a constitutional convention does not comport with the court's description of an "office" in that context. According to that description, an "office" is a position in which the holder of the position exercises some part of the State's sovereign power, and in which the tenure, compensation, and duties are usually fixed by law. An "office" is also indicated by the taking of an oath of office, the receipt of a formal commission, and the giving of a bond. By contrast, in a position that is not an "office," some or all of these characteristics are lacking. Maddox v. State, 220 Ark. 762,249 S.W.2d 972 (1952).
[2] This conclusion is bolstered by the provisions of A.C.A. §7-4-114, which allows election commissioners to be appointed to fill vacancies in elected offices without vacating their positions as election commissioners.