The Honorable Terry Smith State Representative 181 Caroline Acres Road Hot Springs, Arkansas 71913
Dear Representative Smith:
This is in response to your request for an opinion on two questions:
 1. Does the City Board of Directors of Hot Springs Arkansas have the authority to require the City's comptroller to have a C.P.A. License?
 2. Does the City Board of Directors of Hot Springs Arkansas have the authority to establish job qualifications or job descriptions for city employees?
Hot Springs has the city manager form of government.
Two statutory provisions are cited in a letter, attached to your request, from Mr. David H. White, Hot Springs City Attorney. The first, A.C.A. § 14-47-109(a)(2) (Cum. Supp. 1993), provides:
 The [city] board [of directors] shall constitute the supreme legislative and executive body of the city and, subject to § 14-47-120(10), shall be vested with all powers and authority which, immediately prior to the effective date of the reorganization [of the city's government], were vested under then-existing laws, ordinances, and resolutions in the mayor and council of that city and in its board of public affairs.
The second, A.C.A. § 14-47-120(10), provides:
 [The city manager] shall have all powers, except those involving the exercise of sovereign authority, which, under statutes applicable to municipalities under the aldermanic form of government or under ordinances and resolutions of the city in effect at the time of its reorganization, may be vested in the mayor[.]
Mr. White's letter also quotes Hot Springs City Code § 2-3-4(1)(d):
 The City Manager shall supervise and control all administrative departments, agencies, offices and employees of the city subject to such conditions and exceptions, if any, as may be determined from time to time by the Board of Directors. Said supervision and control shall include but is not limited to appointment and, when necessary for the good of the city, suspension and removal of all officers and employees of the city except as provided by any existing or future laws of the State of Arkansas and except authorizing the head of a department or officer to appoint, suspend or remove subordinates in such department or office. The City Manager may also delete, reclassify, consolidate or combine positions, offices, units, sections, departments or divisions under his/her jurisdiction provided such action is within the budgeted funds available at the time of such action. The authorized number of employment positions shall be as established by the annual budget as approved by the Board of Directors or as otherwise established or amended by resolution of the Board of Directors. [Emphasis added.]
In my view, two other portions of A.C.A. § 14-47-120 are also relevant to your inquiries. Subsection (1) provides:
 To the extent that such authority is vested in him through ordinance enacted by the board of directors,
[the city manager] may supervise and control all administrative departments, agencies, offices, and employees[.] [Emphasis added.]
Subsection (4)(A) of A.C.A. § 14-47-120 provides:
 [The city manager] shall nominate, subject to confirmation by the board, persons to fill all vacancies at any time occurring in any office, employment, board, authority, or commission to which the board's appointive power extends. [Emphasis added.]
In my opinion, the Hot Springs Board of Directors has authority to require that the City's comptroller be a certified public accountant and generally to establish job qualifications for City employees.
The Code section setting forth the powers and duties of city managers, A.C.A. § 14-47-120, consists of several specifically enumerated powers and duties, including those set forth in subsection (1) quoted above. It concludes with subsection (10), quoted above, which gives a city manager the general powers of a mayor, and subsection (11), which provides that a city manager will have those additional powers and duties delegated by the board. In my view, subsection (10), being a general grant of authority, should not be read to expand the specific and expressly limited powers and duties set forth in subsections (1) through (9). SeeLangford v. Brand, 274 Ark. 426, 428-429, 626 S.W.2d 198 (1982). Under subsection (1), a city manager may supervise and control city employees only to the extent provided for by ordinance. See generally Op. Att'y Gen. 93-147.
The ordinance apparently relevant here[1] makes the City Manager's power to supervise and control City employees, expressly including the power to appoint City employees, subject to "such conditions and exceptions, if any, as may be determined from time to time by the Board of Directors." In my opinion, requirements imposed by the Board of Directors that City employees possess specified qualifications constitute reasonable and permissible conditions upon the City Manager's power of appointment under the City Code.
In addition, subsection (4)(A) of A.C.A. § 14-47-120 gives a city manager the power to nominate individuals to fill vacancies, but the nomination does not become an appointment until the board confirms the nomination. It seems clear that a city board might lawfully withhold confirmation of an individual reasonably deemed by it to be unqualified to fill a vacancy. The authority to withhold confirmation appears to me to be the equivalent of the authority to impose job qualifications implicitly. In my opinion, it would make little sense to maintain, under present law, that a board should be deemed to lack authority to do directly that which it may do indirectly.
It also appears that the Board has adequate authority under A.C.A. §14-47-120(1) and Hot Springs City Code § 2-3-4(1)(d) to set forth job descriptions for City employees. Again, the City Manager's authority to supervise and control City employees extends only so far as granted by ordinance, and the relevant ordinance authorizes the Board to impose conditions and exceptions from time to time upon the City Manager's power in this regard.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh
[1] It should be recognized that I have not examined the Hot Springs City Code and am assuming that the portion of the Code quoted in Mr. White's letter is accurately set forth therein, is in full force and effect, and is the only provision of the Code relevant to your inquiries.