The Honorable Jim Argue State Senator 5905 Forest Place, #210 Little Rock, Arkansas 72207-5245
Dear Senator Argue:
This official Attorney General opinion is rendered in response to certain questions you have raised concerning Act 244 of 1997.
Act 244 of 1997 amended some of the requirements concerning the licensure and regulation of marriage and family therapists. The Act specifically amended some of the exemptions from the licensure requirement that were stated in A.C.A. § 17-23-103. The amendment about which you have inquired is the amendment to the exemption for clergymen. Under the amended exemption (pursuant to Act 244), "clergymen" are exempt from the licensure requirement, "in so far as their activities and services are apart of the official duties in salaried positions." Acts 1997, No. 244, § 1 [A.C.A. § 17-27-103(b)(3).] (The quoted, underlined language is what was added by Act 244 of 1997.)
You have presented the following questions:
 (1) Does Act 244 of 1997 operate to exclude from its exemptions retired clergy who receive pensions (but not salaries) and who have the official duty of performing wedding ceremonies and pre-marital counseling?
 (2) If so, does the Act violate the "free exercise" clause of the First Amendment to the U.S. Constitution, or Article II, §§ 24 or 25 of the Arkansas Constitution?
RESPONSE
Question 1 — Does Act 244 of 1997 operate to exclude from its exemptionsretired clergy who receive pensions (but not salaries) and who have theofficial duty of performing wedding ceremonies and pre-maritalcounseling?
It is my opinion that Act 244 of 1997 does not operate to exclude from its exemptions retired clergy who engage in the official duties of performing wedding ceremonies and pre-marital counseling, and who receive pensions, but not salaries.
The primary rule of statutory interpretation, to which all other interpretive guides must defer, is to give effect to the intent of the legislature. Vanderpool v. Fidelity Cas. Ins. Co., 327 Ark. 407,939 S.W.2d 280 (1997). The Arkansas Supreme Court has held that in attempting to determine legislative intent, it will consider, among other things, the subject matter of the statute, the object to be accomplished, the purpose to be served, and the remedy provided. These sources appear to indicate that the purpose of the amendment to the exemption for clergymen was to assure that the exemption only applied to clergymen of professional status. In my opinion, the reference to "salaried positions" merely describes the professional status of the clergymen who were intended to receive the exemption. Persons who have retired from those salaried positions, but who still have official duties and who receive compensation, likewise hold the professional status that should entitle them to an exemption.
The Arkansas Supreme Court has held that statutory language should not be interpreted literally if a literal interpretation would lead to an absurd result. See, e.g., Stover v. Stover, 287 Ark. 116, 696 S.W.2d 750
(1985). To grant an exemption from licensure to non-retired professional clergy but not to retired professional clergy who perform official duties that are identical to the official duties of non-retired clergy would, in my opinion, not only be an absurd result, but would be contrary to the intent of the legislation.
For this reason, I conclude that the exemption language of Act 244 of 1997 does not operate to prevent retired clergy who have official duties and who receive pensions from performing wedding ceremonies and from engaging in pre-marital counseling.
Question 2 — If so, does the Act violate the "free exercise" clause ofthe First Amendment to the U.S. Constitution, or Article II, §§ 24 or 25of the Arkansas Constitution?
Because I have responded negatively to Question 1, it is not necessary for me to reach the question of whether Act 244 violates the "free exercise" clause of the First Amendment to the U.S. Constitution, or Article II, §§ 24 or 25 of the Arkansas Constitution.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh