Mr. Russell Perrymore, Chairman Arkansas Athletics Commission P.O. Box 548 Mayflower, Arkansas 71206
Dear Mr. Perrymore,
This is in response to a request by Mr. Claude Carpenter, Secretary of the Commission, for an opinion on whether the term "Athletics and Activities Board" used in A.C.A. § 25-16-903 is sufficient to cover the members of the Arkansas State Athletics Commission created under A.C.A. § 17-22-201 (Repl. 1995) and (Supp. 1997).
It is my opinion that the answer to this question is "yes."
Act 1211 of 1995, as amended, is codified at A.C.A. § 25-16-901 to -908 (Repl. 1996 and Supp. 1997). It was entitled "AN ACT to Provide that Boards and Commissions May Provide Expense Reimbursement for Their Members in the Amount Established for State Employees; To Allow Certain Boards and Commissions to Pay Limited Stipends for Attending Meetings; and for Other Purposes." The Act authorizes most state agencies (with exceptions not relevant here) to reimburse their members for expenses, not to exceed the rate established for state employees by state travel regulations. In addition, the act listed a number of state agencies and boards by name, and authorized these listed boards to pay members thereof a "stipend" per meeting attended. Some boards were authorized to pay fifty-dollars a meeting, some seventy-five dollars, and some one hundred dollars a meeting. See Acts 1995, No. 1211, Sections 3, 4 and 5, codified at A.C.A. §§ 25-16-903, -904 and -905.
The "Athletics and Activities Board" was listed in Section 3 ofAct 1211 of 1995 as a board authorized to pay its members fifty-dollars per meeting attended. The problem is, as is noted by the Arkansas Code Revision Commission in the 1997 Supplement to the Arkansas Code (§25-16-903) under "History," the "Athletics and Activities Board" "has not been created by any Code provision." It does not exist. There is no such state board.[1] The question is whether this reference was intended to refer to the Arkansas State Athletic Commission, such that its members may receive the fifty-dollar stipend per meeting. It is my opinion that it was.
Acts 1995, No. 1211 was amended in 1997 by several different acts. Seee.g. Acts 1995 Nos. 250; 377; 693; 697; 966; and 1018. One of these acts, Act 250 of 1997, was entitled in pertinent part "AN ACT to Amend Various Provisions of the Arkansas Code to Conform Them to 25-16-901 et seq. Pertaining to Stipends and Expense Reimbursement for Members of Boards and Commissions. . . ." The emergency clause of this act stated in pertinent part that:
 It is hereby found and determined by the General Assembly that Act 1211 of 1995 established the procedure for all state boards and commissions to follow regarding reimbursement of expenses and stipends for board members; that this act amends various sections of the Arkansas Code which are in conflict with the Act 1211 of 1995; and that until this cleanup act becomes effective conflicting laws will exist.
One of the provisions of Act 250 of 1997 amended the code section dealing with reimbursement and payments of per diems to members of the State Athletic Commission. Section 130 of Act 250 amends A.C.A. § 17-22-201(c) (2) to provide that: "The members of the commission may receive expense reimbursement in accordance with 25-16-901 et seq." That statute had formerly provided that: "The members of the commission shall be entitled to a per diem of thirty-five dollars in lieu of actual expenses for each day spent in attending meetings of the commission or in attending other official business of the commission, plus mileage at the rate prescribed in state travel regulations." The erroneous reference in A.C.A. §25-16-903 to the "Athletics and Activities Board" was, however, unchanged by Act 250. The 1997 amendment only refers to "expense reimbursement," however, and does not mention the stipends authorized by A.C.A. §25-16-903.
In my opinion, viewing this legislative history as a whole, the legislature intended to refer to the Arkansas State Athletic Commission in A.C.A. § 25-16-903(5). The legislature will not be presumed to have done a vain and useless thing (Phillips Petroleum Co. v. Heath,254 Ark. 847, 497 S.W.2d 30 (1973) such as to authorize stipends for the members of a nonexistent state board. One of the rules that the Arkansas Supreme Court applies in interpreting state statutes is that a drafting error cannot be allowed to circumvent the intent of legislation. SeeCitizens to Establish a Reform Party v. Priest, 325 Ark. 257,926 S.W.2d 432 (1996). One of the court's longstanding rules of statutory construction is that where it is obvious that the legislature did not intend to use a particular word that is written in a statute, and where it is further apparent what word they did intend to use, the courts should correct the mistake by substituting the word intended for the word used. See Langford v. Branch, CountyJudge, 274 Ark. 426, 626 S.W.2d 198 (1982); Haney v.State, 34 Ark. 263 (1879).
In my opinion the later legislative history (Act 250 of 1997) shows that the legislature intended to refer to the Arkansas Athletic Commission in the 1995 act. If the 1995 reference did not refer to the Athletic Commission, it would have been unnecessary to amend the Commission's legislation to conform to the requirements of 25-16-901 et seq. Yet the legislature did so in Act 250 of 1997. The Commission's existing legislation was consistent with A.C.A. § 25-16-902 concerning "expense reimbursements;" these were already tied to state travel regulations.See former A.C.A. § 17-22-201(c)(2). The discrepancy was with regard to the "per diem" or stipend. The existing statute listed a rate of thirty-five dollars, and Act 1211 of 1995 listed fifty dollars. This was why it was necessary to "cleanup" the statute.
In my opinion, therefore, A.C.A. § 25-16-903(5) authorizes the Arkansas State Athletic Commission to pay its members a fifty-dollar stipend per meeting.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] The misnaming of the Athletics Commission was not the only such error in A.C.A. § 25-16-903. See A.C.R.C. Notes to A.C.A. § 25-16-903
(Supp. 1997).