The Honorable Barbara Webb Prosecuting Attorney 7th Judicial District 102 South Main Street Benton, Arkansas 72015
Dear Ms. Webb:
This is in response to your request for an opinion on the proper construction of A.C.A. § 16-17-108(eee), which involves the funding of the Malvern Municipal Court. That subsection now provides as follows:
 The Malvern Municipal Court Judge shall receive an annual salary of not less than thirty thousand dollars ($30,000) nor more than thirty-five thousand dollars ($35,000), as prescribed by the governing body of the City of Malvern and the Quorum Court of Hot Springs County, and provided further, that the first sixteen thousand dollars ($16,000) shall be paid fifty percent (50%) by the city and fifty percent (50%) by the county, and that portion of the annual salary in excess of nineteen thousand dollars ($19,000) shall be paid by the city and the county in the same proportion that the city and county shared in the revenues generated by the court in the previous year. [Emphasis added.]
Your question in this regard is "how to allocate the expenses of more than $16,000.00 but less than $19,000.00."
It is my opinion that the first nineteen thousand dollars should be paid fifty percent by the city and fifty percent by the county.
The subsection above was last amended by Act 1349 of 1997. Prior to its amendment, the subsection provided a salary range of twenty-four thousand five hundred dollars ($24,500) to thirty thousand dollars ($30,000), with the first sixteen thousand dollars ($16,000) being split 50-50 between the city and the county. When the subsection was amended in 1997, the former salary range amounts ($24,500 and $30,000) were lined out, and substituted with the higher amounts ($30,000 and $35,000). The first reference to the sixteen thousand dollars ("the first sixteen thousand dollars ($16,000) shall be paid fifty percent . . ."), was left untouched, and the second reference to the sixteen thousand dollars ("that portion of the annual salary in excess of sixteen thousand dollars"), was lined out and the words "nineteen thousand dollars" was substituted.
In my opinion, the intention of the legislature was to increase the fifty-fifty share of the judge's salary to nineteen thousand dollars. This intention is clear, in my opinion, from the affirmative change made to the subsection to refer to all amounts above "nineteen thousand dollars." In my opinion, the remaining initial reference to sixteen thousand dollars was due to an oversight in the drafting of the legislation. The subsection does not currently make sense with the conflicting numbers. The only way to give effect to the legislative intent, in my opinion, is to construe the statute as requiring the first nineteen thousand dollars to be paid fifty-fifty.
It is a rule of statutory construction that a drafting error cannot be allowed to circumvent the intent of legislation. See Citizens toEstablish a Reform Party v. Priest, 325 Ark. 257, 926 S.W.2d 432 (1996). The Arkansas Supreme Court has further held that erroneous words that the legislature has inadvertently left in a statute, or that are unnecessary or serve no useful purpose may be disregarded. Id. at 264, citing City ofFort Smith v. Tate, 311 Ark. 405, 844 S.W.2d 356 (1993); 2A N.J. Singer Sutherland Statutory Construction § 47.37 (5th ed. 1994). Finally, one of the court's longstanding rules of statutory construction is that where it is obvious that the legislature did not intend to use a particular word that is written in a statute and where it is further apparent what word they did intend to use, the courts should correct the mistake by substituting the word intended for the word used. See Langford v. Brand,County Judge, 274 Ark. 426, 626 S.W.2d 198 (1982); Haney v. State,34 Ark. 263 (1879).
My conclusion is reinforced, in my opinion, by the fact that use of the nineteen thousand dollar amount keeps the allocation of expenses in relatively the same proportion as previously provided, with the only real change being an increase in the salary range, and a concomitant increase in the percentage paid fifty-fifty.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh